ONA P. VAITEKUNENE *v.* JONAS BUDRYS ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 8—decided June 7, 1968

*Robert I. Berdon,* with whom, on the brief, was *Joseph Glass,* for the appellant (plaintiff).

*Robert L. Hirtle, Jr.,* assistant attorney general, with whom were *Bernard F. McGovern, Jr.,* assistant attorney general, and, on the brief, *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellee (defendant state treasurer); with him also, on the brief, were *Leo C. Mazotas,* for the appellee (named defendant), and *Vincent P. Matasavage,* for the appellee (defendant Kripaitis, executor).

KING, C. J.  This is an appeal from an order of the Probate Court for the district of New Haven

directing the disbursement of a legacy bequeathed under the will of Simon S. Cverka, deceased, to Ona Vaitekunene, a resident and domiciliary of Lithuania, hereinafter for convenience referred to as Ona. At a hearing on the executor's final account held on November 19, 1962, the account was approved, and Ona's legacy, less a charge for legal services, was ordered paid to the treasurer of the state of Connecticut, to be held for her pursuant to the provisions of § 45-278 of the General Statutes.[1] See *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 219 A.2d 225, construing and applying that statute.

Thereafter, on July 10, 1964, the defendant Jonas Budrys, Consul General of Lithuania at New York, hereinafter referred to as the consul, petitioned the Probate Court for an order for payment to him of the funds held by the treasurer for the benefit of Ona so that he might forward to her, in accordance with her expressed desire, "various goods and merchandise that would prove beneficial and useful to her" and alleging that he could now effectively send packages to her. The court, after a hearing, ordered payment of the bequest to the consul for forwarding

---

[1] Section 45-278, at the time this order was made, and prior to its amendment by No. 781 of the Public Acts of 1967, provided: "When it appears that a legatee, distributee, cestui or beneficiary not residing within the territorial limits of the United States of America or any territory or possession thereof would not have the benefit or use or control of property due him and that special circumstances make it desirable that delivery to him be deferred, any court of probate may order that such property be converted into available funds and paid to the state treasurer, to be invested by him at his discretion and, together with any proceeds thereof, to be held subject to such further order as such court may enter, provided the reasonable fees, as allowed by such court, of the attorney for any such legatee, distributee, cestui or beneficiary whose funds are payable to the state treasurer hereunder shall be considered a lien thereon and shall be paid by the fiduciary having such funds in charge to such attorney prior to payment to the state treasurer."

to the legatee "in the manner, plan and form as particularly requested and set forth in . . . [the consul's] application."

Thereupon, an appeal from that order was filed in the Superior Court, purportedly on behalf of Ona, and in her name, by a Connecticut attorney, representing himself to be her attorney, and naming as appellees the consul, the treasurer, and the executor of Cverka's estate. Subsequent papers incident to the appeal from probate, and to the appeal to this court, were filed in Ona's name by other Connecticut attorneys.

Paragraph 1 of the reasons of appeal as finally amended alleged that Ona had executed a power of attorney authorizing a named New York law firm to represent her in connection with the estate and to receive and collect in her name all moneys due her from the estate. For convenience, we refer to that law firm as the appellant, although Ona herself is the named appellant.

Paragraph 2 of the reasons of appeal as finally amended denied the jurisdiction of the Probate Court to order the funds in the hands of the state treasurer to be distributed to the consul to be expended by him in the purchase of goods and merchandise to be sent to Ona for her use and benefit. More properly this was a denial of the power, rather than of the jurisdiction, of the court to make that particular order, since the general subject matter of Ona's entitlement to receive the legacy was clearly within the statutory jurisdiction of the court. 1 Locke & Kohn, Conn. Probate Practice §§ 39–41. For reasons which will hereinafter appear, we find it unnecessary further to consider this reason of appeal or the assignment of error based thereon.

Each of the three appellees filed an identical answer, in effect denying the two reasons of appeal and pleading as a special defense that, if distribution is made pursuant to the appellant's purported power of attorney, Ona will not have the benefit, control or use of the legacy owing to her, as required by § 45-278 of the General Statutes. The appellant, by way of reply, denied the special defense in each answer.

On those pleadings the parties went to trial in the Superior Court, and after a hearing, the court found the issues for the defendants, affirmed the order of the Probate Court and dismissed the appeal therefrom. See *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 554, 219 A.2d 225. Thereupon the appeal to this court was taken.

There is no question that the money belongs to Ona. As far as paragraph 1 of the reasons of appeal is concerned, the dispute is between the consul and the appellant, each claiming to be authorized to represent her and to collect and receive on her behalf the money in the hands of the state treasurer owing to her.

The Superior Court found the issues for the defendants. Thus, paragraph 1 of the reasons of appeal, containing the vital allegations of authority of the appellant to act for Ona, was not proven. This determination left the appellant without any authority or standing to act or speak for Ona at all. The appellant stood as an unauthorized interloper in these proceedings, without authority to attack the decree of the Probate Court, to represent Ona in connection with the estate or to collect or receive her legacy in her name or on her behalf.

Although the appellant failed to seek or obtain a finding, it seems to be agreed that the power of

attorney was not admitted into evidence and that upon its exclusion the appellant rested its case.[2]

Of course if the court excluded the power of attorney, or excluded or admitted any other evidence, and such action was claimed to have been erroneous, it would be necessary, for a review by us of any such ruling or rulings, that there be a finding showing the ruling or rulings, the bases for them, and the claims of the parties in respect to them as made at the trial. *Casalo* v. *Claro,* 147 Conn. 625, 628, 165 A.2d 153. But the appellant did not seek or obtain a finding, and consequently there is nothing in the record for this court to review as to the exclusion of the power of attorney authorizing the appellant to act for Ona or of any other evidence which may have been offered in proof of the appellant's authority to act for her. Indeed, it does not even appear of record that the power of attorney, or any other evidence in proof of authority, was excluded.

In the absence of a finding, the appellant was forced to, and did, base its appeal, insofar as the question of proof of its authority and standing is concerned (paragraph 1 of the final reasons of appeal), solely upon the court's granting of two motions to expunge certain portions of earlier versions of its reasons of appeal from probate.

In the original amendment to paragraph 1 of the reasons of appeal, the power of attorney had been incorporated by reference as exhibit A, but the reference had been expunged as evidential. This ruling does not appear to have been erroneous.

---

[2] In a pleading filed on November 6, 1967, the appellant expressly abandoned all phases of its appeal to this court which required a finding. Each of its three assignments of error charges error claimed to be apparent on the face of the record. See Practice Book § 609.

Practice Book § 100. The mere reference to an exhibit in a reason of appeal, unless the reason of appeal is admitted in the answer, and of course here it was not so admitted, does not render the exhibit admissible in evidence, nor establish its truth, any more than the mere reference to an exhibit in a complaint authorizes its admission into evidence or establishes its truth. If exhibit A was otherwise admissible, it could have been introduced in evidence at the trial under the allegation of authority in the final version of paragraph 1 of the reasons of appeal regardless of whether it was, or was not, referred to in that paragraph or incorporated by reference therein. There is nothing to indicate that the granting of this motion to expunge interfered with or impeded the appellant's proof of authority either in introducing exhibit A into evidence or otherwise.

In a second motion to expunge, what was originally paragraph 2 of the reasons of appeal was expunged on the ground that it stated a conclusion of law. This paragraph alleged, in effect, that the appellant's power of attorney superseded any authority which the consul had to act for Ona. This ruling was not erroneous, since allegations showing how it would supersede the consul's authority were lacking. Indeed, even if the ruling had been erroneous, it was harmless. Unless the appellant proved that it had authority from Ona, as alleged in paragraph 1 of the reasons of appeal, the question whether that authority (because it was subsequent in date to the consul's authority or for any other reason) superseded that of the consul could not be determined.

On the second motion to expunge, the court also eliminated, as evidential, the words "also known as

Simon Tsvirka" after the name of the decedent whose estate was involved. Here too, if in fact the power of attorney adequately related to the estate of the decedent, the appellant was left free to prove it, whether the decedent was referred to in the power of attorney as "Simon S. Cverka" or "Simon Tsvirka". See, for instance, *Bassett* v. *Merchants Trust Co.*, 115 Conn. 364, 374, 161 A. 785.

Certainly in the absence of any finding, there is nothing to indicate that the granting of the motions to expunge in any way prejudiced, or even affected, the appellant's burden of establishing its authority as alleged in paragraph 1 of the reasons of appeal.

The granting of two successive motions to expunge lay within the discretion of the court and was not erroneous.

The appellant has neither established its authority and standing to appeal on behalf of Ona or otherwise to act for her nor shown any erroneous ruling which prevented it from establishing that authority and standing. It is thus left wholly without authority from Ona, and the judgment must be affirmed. This makes it unnecessary to consider the remaining assignment of error, which attacks the form of the order.

There is no error.

In this opinion the other judges concurred.