RICHARD S. JACKSON ET AL. *v.* HENRY J. CONLAND ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued March 10—decision released June 8, 1976

*Curtiss K. Thompson,* with whom was *Carter LaPrade,* for the appellant (defendant Register Publishing Company).

*John S. McGeeney,* with whom, on the brief, were *John F. Spindler, Fredric H. Weisberg,* and *Alan P. Donaldson,* for the appellee (defendant Gannett Company, Inc.).

BOGDANSKI, J. This action stems from the alleged breach of an inter vivos trust established by John Day Jackson in 1956. In 1973, the trust owned all but two of the outstanding shares of the Register Publishing Company, a Connecticut corporation which publishes daily newspapers. During that year, Henry J. Conland and Lionel S. Jackson, two of the three trustees of that trust, announced their intention to cause the Register to acquire the stock of the Hartford Times Company, Inc., then owned by Gannett Company, Inc., a Delaware corporation. In May, 1973, the plaintiffs, who are several beneficiaries of the trust, instituted this action against Henry J. Conland, Lionel S. Jackson, the Register, and Gannett, seeking removal of the defendant trustees and temporary and permanent injunctions restraining all defendants from effec-

tuating the proposed sale.[1] The request for the temporary injunction was denied, and the Register entered into an agreement with Gannett for the purchase of its stock in the Times.

The plaintiffs then filed a substituted complaint alleging, among other things, that the defendant trustees had breached their fiduciary duties in causing the Register to acquire the Times and that Gannett was aware of that breach of trust when it entered into the agreement of sale. They sought the removal of the defendant trustees, a rescission of the sale or an order directing the Register to divest itself of the Times stock, and substantial damages.

The defendant Register answered the substituted complaint and filed a cross claim against the defendant Gannett, alleging fraud and breach of warranty on the part of Gannett and seeking to have the sale of the Times rescinded. Gannett moved to expunge the cross claim on the grounds that (1) the claims made were not necessary to a determination of the issues raised by the complaint; (2) the claims made were in the process of being adjudicated in a pending action in federal court and the allegations of the cross claim were the product of discovery in the federal action; (3) the cross claim was filed for the purpose of causing undue delay and to disrupt the trial of the original action; and (4) the cross claim was replete with evidential matter and was unnecessarily prolix, obscure, uncertain, irrelevant and scandalous. Gannett's motion to expunge was granted, and from that

---

[1] In December, 1974, the defendant Lionel S. Jackson appointed his son Lionel S. Jackson, Jr., to be a successor trustee of the 1956 trust, succeeding Richard S. Jackson. Lionel S. Jackson, Jr., was subsequently cited in as a party defendant. Practice Book §§ 61, 65.

decision the Register has appealed. The single issue presented by this appeal is whether the trial court erred in expunging the cross claim.

At the outset, we note that where a cross claim is expunged, and the cross claimant is effectively dismissed from the proceeding so far as the cross claim is concerned, the expungement may be treated as a final judgment for the purposes of an appeal to this court. Practice Book § 604; *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 709–10 n.1, 125 A.2d 488; see *Gores* v. *Rosenthal,* 148 Conn. 218, 222, 169 A.2d 639. Not every expungement of a cross claim, however, is immediately appealable. Where a cross claim is expunged because it contains unnecessary, repetitious, scandalous, immaterial or evidential matter, the proper procedure is to file a substitute pleading. Practice Book § 100. Any claimed impropriety in the court's action in expunging the initial pleading can later be raised in an appeal from the final judgment. See, e.g., *Vaitekunene* v. *Budrys,* 156 Conn. 547, 553, 244 A.2d 408. On the other hand, where a cross claim is expunged because it was improperly filed in view of its subject matter, an appeal does lie. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* supra, 712. In such a case, the filing of a substitute pleading would accomplish no meaningful purpose.

Here, the trial court did not file a memorandum of decision when it ordered the Register's cross claim expunged. Consequently, we are unable to ascertain precisely upon what ground its order was based. The record reveals, however, that the cross claim was forty pages in length, contained over 100 separate paragraphs, was repetitious and was replete with evidential material. Had the court

based its decision on the prolixity and evidential nature of the pleading, we would be compelled to find no abuse of discretion. As already noted, however, had the court based its decision on those grounds, there would be no appealable question now before us. In their oral arguments and in their briefs, the parties have addressed themselves solely to the question of the propriety of the court's action in light of § 78 of the Practice Book. We have decided to consider the case as presented by the parties. See *Phillips* v. *Moeller,* 147 Conn. 482, 484, 163 A.2d 95; *Schwartz* v. *Chapel Realty Co.,* 134 Conn. 100, 101, 55 A.2d 113; Maltbie, Conn. App. Proc. § 42.

Section 78 of the Practice Book, as amended in 1969, reads in relevant part: "In any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."[2]

The Register claims that the word "transaction," as used in § 78, must be given a broad and liberal

[2] Prior to 1969, the authority for filing cross claims was found in § 78 of the Practice Book of 1963, which read in relevant part: "[C]ross bills in equity, touching matters in question in the original complaint, may be filed by the defendant in any action, whether such action be for legal or equitable relief." The judicially established test for determining the propriety of a cross claim under that rule was "whether the transactions alleged in the complaint and the cross [claim], respectively, are distinct and independent or are connected in the sense that the claim under the cross [claim] is so related to that made in the complaint that consideration of the former is essential to a full adjudication of the parties' rights as to the latter." *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 30, 82 A.2d 146, quoting from *Puleo* v. *Goldberg,* 129 Conn. 34, 37–38, 26 A.2d 359; see *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 709–10 n.1, 125 A.2d 488.

interpretation to avoid a multiplicity of suits; that the plaintiffs' complaint and the Register's cross claim both concern the "transaction" involving the sale of the Times; that Gannett's alleged fraud and misrepresentations which are the subjects of the cross claim are also essential elements of the defendant-trustees' defense to the plaintiffs' claims of breach of trust; and that, therefore, the court erred in expunging the cross claim.

That argument presupposes that the court is without discretion in determining whether the subject matter of a complaint and a cross claim arise from the same transaction. We do not subscribe to that reasoning.

Section 78 of the Practice Book is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy. Accordingly, in the federal courts, which allow cross claims "arising out of the transaction . . . that is the subject matter . . . of the original action"; Federal Rules of Civil Procedure, Rule 13 (g); "transaction" is regarded as a word of flexible meaning. See *United Artists Corporation* v. *Masterpiece Productions, Inc.,* 221 F.2d 213, 216 (2d Cir.). The "transaction test" is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion. Cf. *Blair* v. *Cleveland Twist Drill Co.,* 197 F.2d 842, 845 (7th Cir.); *Fogel* v. *United Gas Improvement Co.,* 32 F.R.D. 202, 203 (E.D. Pa.). Relevant considerations in determining whether the "transaction test" has been met include whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each

of the respective claims would involve a substantial duplication of effort by the parties and the courts. See *Great Lakes Rubber Corporation* v. *Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir.). Where the underlying purposes of Practice Book § 78, to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged.

In the present case, the Register filed its cross claim almost two years after the original action had been pending. The issues framed by the complaint and cross claim raise substantially different factual and legal questions. Those presented by the complaint can be decided, for the most part, by reviewing the actions of the trustees in light of the terms of the John Day Jackson trust. In contrast, the cross claim alleges forty pages of wrongdoing by Gannett concerning the Register's purchase of the Times. Extensive evidence unrelated to the plaintiffs' action would be required to substantiate those allegations. Those circumstances, as well as the remainder of the record before us, disclose that the court in no way abused its discretion in expunging the Register's cross claim.

There is no error.

In this opinion the other judges concurred.