DANIEL RUSSO ET AL. *v.* LOIS HARNETT ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 23319
TOLLAND

Memorandum filed July 24, 1980

*Kimball H. Hunt,* for the plaintiffs.

*Goodwin & Dolan,* for the named defendant.

*Lavitt, Hutchinson & Kaplan,* for the defendant Thomas McCusker.

JOHN F. SHEA, JR., J.   The plaintiffs instituted this action for damages against the defendants based on the failure of the defendants as real estate agents timely to transmit an offer to purchase property listed with the defendants for sale.   It is claimed that the defendants were guilty of negligence and misrepresentation by omission.

The defendant Lois Harnett has filed a counterclaim in the present action alleging that the plaintiffs sent a letter to the real estate commission charging her with improper conduct and a lack of integrity with the use of words which clearly intended to mean that she was dishonest, deceitful and disreputable in her profession.   Harnett further stated that the letter was printed, published and circulated by the plaintiffs with express and implied malice and with design and intent to injure her reputation.   Damages and exemplary damages were claimed as a result.   The plaintiffs have moved to strike the counterclaim on the grounds that it is not pertinent to the plaintiffs' cause of action and raises new issues.

Section 116 of the 1978 Practice Book provides that any defendant may file counterclaims against any plaintiff provided that such counterclaims arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint.   In *Jackson* v. *Conland,* 171 Conn. 161, 166–67, the court held that relevant considerations in determining whether the "transaction test" of

the Practice Book had been met include "whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." The allegations contained in the counterclaim, such as the allegation that the plaintiffs circulated the letter in question with express and implied malice with the intent to injure the defendant's reputation and professional standing, raise different issues of fact and law from those presented in the main complaint. The issues raised in the counterclaim would unnecessarily complicate the main complaint and should be separately tried.

The motion to strike is, therefore, granted.