[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 28, 1991, the plaintiff, Cecil Haynes, filed an amended complaint against the defendants, Ericka Painter and Christopher Kime. The plaintiff was allegedly injured in an automobile collision on November 21, 1989, in Litchfield, Connecticut. The plaintiff contends in count one that a vehicle driven by Ms. Painter struck the plaintiff's vehicle, resulting in injuries to the plaintiff. The plaintiff maintains that the collision and resulting injuries were caused by Ms. Painter's negligence and carelessness. In count two the plaintiff alleges that defendant Kime operated his motor vehicle in such a manner as to cause defendant Painter to collide with the plaintiff. Thus, the plaintiff alleges that the collision and her resulting injuries were caused by Mr. Kime's negligence and carelessness.
On November 21, 1991, subsequent to a "request for leave to amend and add," defendant Kime filed an amended answer and special defense in which he contends that any injuries sustained by the plaintiff were caused, in whole or in part, by the plaintiff's negligence and carelessness. Submitted with this special defense was a counterclaim in which Mr. Kime alleges that co-defendant Painter has instituted a separate action against defendant Kime. That action has been filed in this court as Painter v. Kime, DN CV-91 0058115C ("Kime"). In Kime, supra, Ms. Painter alleges that, as a result Mr. Kime's negligence and carelessness, Ms. Painter was compelled to act in a manner which resulted in the aforementioned collision. Ms. Painter allegedly incurred severe injuries as a result of Mr. Kime's negligence and, consequently, seeks damages from Mr. Kime. Mr. Haynes is not a party to Kime.
In this counterclaim Mr. Kime further contends that if Ms. Painter suffered the injuries she complains of in Kime, supra, said damages and injuries are due to the negligence and carelessness of Mr. Haynes. Mr. Kime alleges that he is entitled to have an assessment of Mr. Haynes' percentage of negligence determined by the trier of fact pursuant to General Statutes 52-572h. Mr. Kime also contends that he is entitled to be indemnified by Mr. Haynes for any damages paid to Ms. Painter in Kime, supra. CT Page 6750
On May 13, 1992, the plaintiff filed a motion to strike Mr. Kime's counterclaim and attached thereto a supporting memorandum. On May 15, 1992, Mr. Kime filed a memorandum in opposition to the motion to strike.
A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is required to construe the facts most favorably to the pleader when considering a motion to strike. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988).
In his memorandum in support of the motion to strike, the plaintiff contends that the counterclaim does not arise out of the same transaction which is the subject of the plaintiff's complaint and, therefore, the motion to strike should be granted. In opposing the plaintiff's motion, the defendant rebuts this claim and asserts that the motion to strike should fail. The defendant also contends that because the plaintiff did not object to the defendant's "Request for Leave to Amend Answer and Add Counter Claim," he cannot now file a motion to strike.
Practice Book 116 states, in pertinent part, that:
 In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . . (Emphasis added.)
Practice Book 116.
Practice Book 116 "`is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy.'" Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 251, 520 A.2d 1008 (1987), quoting Jackson v. Conland,171 Conn. 161, 166, 368 A.2d 3 (1976).
In this case the defendant seeks to determine the plaintiff's degree of negligence in accordance with General Statutes 52-572h as a means of safeguarding against, or mitigating, an unfavorable judgment in Kime, supra. Thus, the defendant's claim is predicated upon Kime, supra, a case to which Mr. Haynes is not even a party. Thus, the counterclaim does not arise out of one of the transactions which is the subject of this plaintiff's complaint. Practice Book 116. Furthermore, defendant Kime has filed a special defense in which he alleges that any injuries incurred by the plaintiff were as a consequence of the plaintiff's own negligence. Thus, a determination of the plaintiff's degree of negligence, if any, will have to be made by the trier of fact.
Mr. Kime also contends that the motion to strike is untimely because the plaintiff never objected to the "Request for Leave to Amend Answer CT Page 6751 and Add Counter Claim." This argument is without merit. It has long been held that amendments to pleadings start the order of pleadings anew. See, e.g., Moran v. Bentley, 69 Conn. 392, 404, 37 A. 1092 (1897). A motion to strike is the proper pleading by which to challenge the legal sufficiency of a counterclaim, Practice Book 152(1); Ferryman, supra, and, as such, is timely here.
Additionally, the defendant contends that because a previous motion to strike, on the same grounds, was denied by the court, Dranginis, J., on March 23, 1990, a motion to strike is now untimely. However, Judge Dranginis' decision, reiterated on May 4, 1992, stated that the earlier motion to strike was denied, without prejudice, because of technical defects in that motion. The May 4, 1992, order also stated that a properly filed motion to strike would be considered by the court. The current motion was properly filed and, in accordance with the foregoing is granted.
Finally, Practice Book 84A states, in pertinent part, that:
 Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial. (Emphasis added.)
Practice Book 84A.
The present case and Kime, supra, should be heard together and, accordingly, this court orders that said cases be "companionized."
SUSCO, J.