[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Maureen Gammo, seeks damages from the defendants as a result of the termination of her employment and alleged defamation by the defendants. The defendants have moved to CT Page 1482 strike the Second Count of the complaint, which alleges promissory estoppel, and the Third and Fourth Counts of the complaint, which allege defamation.
The complaint alleges that the plaintiff was employed by the defendant Union as office manager on November 12, 1991 when the defendant John Teehan represented to her that she would be rehired as office manager and his secretary when he took office as Secretary-Treasurer of the Union. He was elected as Secretary-Treasurer of the Union on November 9, 1991 and took office on January 1, 1992. At that time he refused to rehire the plaintiff. The complaint further alleges that the plaintiff relied on the representations of the defendant Teehan in that she did not seek alternate employment, and that she suffered damages as a result of her reliance on the representations.
The defendants seek to strike the Second Count on the grounds that it fails to state a cause of action under the standards set forth in D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 212-216 (1987). The plaintiff in D'Ulisse-Cupo was a teacher at the defendant school. In response to uncertainty about teachers' contracts for the following year, members of the school administration represented that all present employees would be offered contracts for the next year. The Court held that the representation was not sufficient to invoke the doctrine of promissory estoppel because it was merely a representation that the defendant intended to enter into employment contracts at some time in the future.
A motion to strike admits all well pleaded allegations. Kilbride v. Dushkin Publishing Group, 186 Conn. 718, 719 (1982). The facts alleged in the complaint must be construed in the manner most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80
(1980).
Construed in a manner most favorable to the plaintiff, the representation by the defendant Teehan was not a promise to enter into a promise, as in D'Ulisse-Cupo, but rather, a promise of employment with the commencement date of employment to occur not at some unspecified date in the future, but on a date which was reasonably ascertainable, the date on which Teehan was to assume office as Secretary-Treasurer of the Union.
The question of whether the terms and conditions of the promised employment were reasonably certain, as required in CT Page 1483 D'Ulisse-Cupo, is a close one. The plaintiff urges the court to construe the complaint to allege that the terms and conditions of the plaintiff's employment upon her rehiring as office manager would be the same as they were prior to her rehiring. Although the complaint does not specifically so allege, for purposes of deciding this motion to strike it is not unreasonable for the court to construe the complaint as urged by the plaintiff. When that is done, the complaint alleges a promise of employment on terms that were sufficiently clear to have permitted the plaintiff to rely thereon. The Motion to Strike the Second Count is, therefore, denied.
The defendants also move to strike the Third and Fourth Counts on the ground that they are improperly joined with the First and Second Counts in violation of Practice Book 152(4), which permits the court to grant a motion to strike "the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts." Connecticut General Statutes 52-97(7) restricts multiple claims in the same complaint to those "whether in contract or tort or both, arising out of the same transaction or transactions connected in the same cause of action."
"Transaction" is a "word of flexible meaning." Jackson v. Conland, 171 Conn. 161, 166 (1976). The "transaction test" is one of practicality and the trial court should consider the interests of judicial economy in applying the test. Wallingford v. Glen Valley Associates, 190 Conn. 158, 161 (1983); Jackson v. Conland,171 Conn. 161, 166-167 (1976).
The Third Count of the complaint alleges that in November and December, 1991, when the defendant, Thomas Robidoux, was the Secretary-Treasurer of the defendant Union, he informed Union members and officials of the Connecticut National Bank that the plaintiff embezzled funds from Union accounts. The Fourth Count of the complaint alleges that in April, 1992 at a general Union meeting defendant, John Teehan, informed the members that the plaintiff had embezzled funds from Union accounts and that the Union was filing suit against the plaintiff. Both counts allege that the accusations of the defendants caused injury to the plaintiff's reputation and caused her to suffer emotional distress.
The events alleged in the Third and Fourth Counts of the complaint relate to the plaintiff's employment, as do the first two counts. Although the defendants have not yet filed an answer to CT Page 1484 the complaint, it seems likely that some of the facts relevant to the Third and Fourth Counts may also be relevant to the defendants' defense as to the claims raised in the First and Second Counts.
Even if the word "transaction" had a less flexible meaning than it does where the propriety of joinder of claims is at issue, the allegations of the Third and Fourth Counts could still be considered to arise out of the same transaction as those of the First and Second Counts. Requiring the plaintiff to bring two separate actions, each involving the same group of defendants and each relating to the employment relationship between the parties, does not promote judicial economy. For the foregoing reasons, the Motion to Strike the Third and Fourth Counts is denied.
By the Court, ___________________ Aurigemma, J.