[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a commercial revolving loan agreement allegedly executed on December 31, 1987 by the defendants, Alan and Carol Bray, in favor of the plaintiff, People's Bank, in the original principal amount of $200,000.00. Plaintiff alleges that the note was secured by real property in Stamford owned by Carol Bray, and seeks strict foreclosure, a deficiency judgment, and related relief.
On November 9, 1992, defendants filed special defenses and a counterclaim, which were amended on October 7, 1993. In the special defenses defendants assert that: (1) at the closing they were not provided with a truth-in-lending disclosure statement and right of rescission pursuant to 15 U.S.C.S. § 1601, the Federal Consumer Credit Protection Act (TILA), so the transaction was illegally and improperly consummated pursuant to15 U.S.C.S. §§ 1604-1607 and15 U.S.C.S. § 1631, et. seq.; (2) plaintiff breached an agreement which was reduced to writing in a "commitment letter," wherein it was stated that the loan was to be made to Urban Electric Company rather than to the defendants individually; (3) plaintiff was negligent in making the loan to defendants due to their financial position, and only did so to obtain security for defendants' other unsecured business debts, and this conduct was a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. ["CUTPA"]; and (4) the mortgage is unenforceable due to a lack of consideration because the proceeds of the loan were used to pay off business overdrafts. Defendants' three-count counterclaim alleges CUTPA violations and a lack of consideration. On October 14, 1993, plaintiff filed a motion (#130) to strike the special defenses and counterclaim.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
CT Page 10162 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. FeldsparCorporation, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. NortheastSavings v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Hans L.Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). A foreclosure action is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice is done. Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). Courts have therefore recognized "various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party . . ." Town of Stratford v. Siciliano, 8 CTLR 507 August 6, 1993, Leheny, J.). However, only those equitable defenses which attach the making, enforcement, or validity of a note or mortgage should be recognized in a foreclosure action. Id.; Centerbank v. Motor Inn Association, 9 CTLR 505 (August 2, 1993, Thompson, J.); Lafayette Bank Trust Co., 10 CTLR 224 (November 24, 1993, Maicco, J.); Citytrust v. Kings GateDevelopers, Inc., 2 Conn. L. Rptr. 638 (October 9, 1990, Lewis, J.).
I. First Special Defense
As noted above, defendants allege that the transaction was illegally consummated pursuant to 15 U.S.C.S. § 1601 et seq. Plaintiff argues that the Truth-in-Lending Act ("TILA") does not apply to this commercial loan transaction. Defendants agree that a commercial loan was involved and that as a general rule, TILA governs consumer loan transactions, but claim that "a lease that is CT Page 10163 commercial on its face may acquire some of the protection provided by 15 U.S.C.S. § 1601 et seq. when those protections are voluntarily offered by a lending institution."
Since the loan in issue constituted a line of credit for Urban Electric, the court agrees with plaintiff that TILA does not apply to the commercial loan transaction involved in this case. Moreover, the note includes an acknowledgement that the transaction in question is a "commercial transaction." Thus, this special defense is stricken.
II. Second Special Defense
This special defense asserts that plaintiff breached the parties' agreement contained in a commitment letter and/or a duty of good faith and fair dealing. Plaintiff claims that the facts alleged in this defense do not constitute a breach of the underlying note or mortgage. In response, defendants claim that plaintiff's failure to comply with statements made in its commitment letter demonstrates an actionable breach of contract and implies a breach of plaintiff's duty of good faith and fair dealing.
The second special defense adequately asserts a cause of action in both breach of contract and a breach of the covenant of good faith and fair dealing, because it claims that the commitment letter referred to a loan to Urban Electric but at the last moment the plaintiff insisted on substituting the individual defendants as payors.
III. Third Special Defense
Plaintiffs claim that under the majority rule, CUTPA is not a recognized valid defense to a foreclosure action. Defendants claim that CUTPA has been recognized by some Superior Courts as a valid special defense, so in viewing the pleadings in the light most favorable to defendants, the motion to strike the CUTPA special defense should be denied.
A recent decision of the Connecticut Supreme Court in NormandJosef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486,509, ___ A.2d ___ (1994), ruled that CUTPA applies to banks and may be asserted as a defense in a foreclosure action. The defendants have adequately alleged the prerequisites of a CUTPA claim. CT Page 10164
IV. Fourth Special Defense
This defense alleges that the mortgage on the defendant Carol Bray's personal residence is unenforceable due to a lack of consideration as the proceeds of the loan were used to pay off existing business overdrafts. Plaintiffs claim that lack of consideration does not state a defense to an action on a promissory note given in payment for the debt of the third party.
This special defense is stricken, as it is clear that the loan proceeds were used to pay business overdrafts, and the defendants admitted that they executed the note in question in order to pay off a debt of their business, Urban Electric.
V. Counterclaim
In counts one and three of the counterclaim, defendants assert CUTPA violations. In count two, defendants repeat their allegations that there was no consideration for the mortgage. Plaintiff claims that the CUTPA allegations are legally insufficient and that the allegations in count two do not state a separate cause of action, but simply reiterate the fourth special defense. Defendants claim that the determination of whether plaintiff's actions violated CUTPA is ultimately a question of fact and in reading defendants' allegations in the most favorable light, defendants have pled legally sufficient CUTPA claims.
Practice Book § 116 provides in relevant part that `[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . ." The Supreme Court has held that:
 "[t]he `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion . . . Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter]claim, the [counter]claim may properly be expunged."
CT Page 10165
Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983), quoting Jackson v. Conland, 171 Conn. 161,166-67, 368 A.2d 3 (1976).
The first and third counts of the counterclaim, which allege violations of CUTPA, adequately assert a violation of this statute for the reasons set forth in connection with the third special defense. The second count of the counterclaim, which alleges lack of consideration, duplicates the fourth special defense and is stricken for the reasons stated above in connection with that defense.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of October, 1994
WILLIAM BURKE LEWIS, JUDGE