[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On February 20, 1991, plaintiff David Hunt ("Hunt") was injured in a two car automobile accident near the intersections CT Page 11980 of Gold Star Highway and Colonel Ledyard Highway in Groton, Connecticut. In a seven count complaint filed on February 24, 1993, Hunt sued four named individuals and their respective insurance carriers under underinsured/uninsured policy clauses for personal injuries, medical expenses, and punitive damages.
One of the named individual defendants was Christopher Holte, the driver of the automobile in which Hunt was riding. Also sued was USAA Casualty Insurance Company ("USAA") which had issued a policy to the owner of the car that Holte was driving when the accident occurred. In a one count amended cross claim dated August 29, 1994, Holte sued USAA for their alleged failure to "appear defend, and exonerate" Holte upon demand in the personal injury action brought by Hunt against Holte.
On September 9, 1994, USAA filed a motion to strike Holte's cross claim on the ground that it improperly joins a breach of contract action with a personal injury tort action. Holte objected to USAA's motion to strike his cross claim asserting that his contract action is not misjoined to the personal injury action and that judicial economy and efficiency would be served by hearing the two causes of action together. Both Holte and USAA submitted briefs in support of their respective positions.
"In ruling on a motion to strike, the court is limited to the facts alleged in the [cross] complaint. The court must construe the facts in the [cross] complaint most favorably to the pleader'. . ." (Citations omitted.) Novametrix Medical Systems.Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "[The] Court will not uphold the granting of the motion to strike on a ground not alleged in the motion . . ." Blancato v. FeldsparCorp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
Holte's cross claim against USAA is governed by Practice Book § 116 which states in part, "In any action for legal or equitable relief, any defendant may file . . . cross claims against any codefendant provided that each such . . . cross claim arises out of the transaction or one of the transactions which is the subject of plaintiff's complaint . . ."
"The transaction test is one of practicality, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion . . . . Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity CT Page 11981 of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158,161, 459 A.2d 525 (1983), quoting Jackson v. Conland,171 Conn. 161, 166-67, 638 A.2d 3 (1976).
In the case at bar, the underlying complaint sounds in tort while the cross claim sounds in contract. The facts to be proved and the evidence to be taken in each cause of action are very different. While the Hunt negligence and tort case will turn on questions of the car's speed, state of repair, road conditions, visibility, and the state of the driver's physical condition and control, Holte's cross claim will be concerned with issues of insurance policy term construction, policy coverage, the intent of the parties, and issues of breach of contract.
Of course, the issue of what the USAA insurance policy covers or does not cover would probably have never come up but for the underlying accident in this case. While the court is certainly capable and competent to hear a contract claim and tort claim in the same action, to do so here might actually hinder rather than advance judicial economy.
The issues and questions of law which will arise under Holte's cross claim against USAA are not sufficiently connected or similar to warrant the court to hear them concurrently with Hunt's original complaint against Holte.
Defendant USAA's motion to strike is granted.