[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS ONE ANDTHREE OF CROSS-CLAIM
The plaintiff, Brenda Monroe-Fitzpatrick, commenced this action to recover for injuries she sustained when she allegedly slipped and fell on the floor of a cafeteria operated by the named defendant, Cornucopia Food Service, Inc. (Cornucopia), and located on premises owned by the co-defendant, St. Joseph College (St. Joseph). On May 24, 1995, St. Joseph answered the complaint and filed a three count cross claim against Cornucopia, alleging breach of contract, contractual indemnification and common law indemnification, respectively. Cornucopia now moves to strike counts one and three of the cross claim.
 I
Cornucopia argues that count one of the cross claim should be stricken on the ground that it does not arise out of the same transaction or one of the transactions which is the subject of the plaintiff's complaint, as required by Practice Book § 116.
Practice Book § 116 permits the joinder of a cross claim where it satisfies the transaction test. This test requires that the court consider whether the joinder of the cross claim will serve or thwart the underlying purposes of § 116, "`to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action.'" Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 525 (1983), quoting Jackson v. Conland,171 Conn. 161, 166-167, 3 (1976).
It does not appear that St. Joseph's breach of contract arises out of the same transaction that is the subject of the plaintiff's negligence claim. The plaintiff's one count complaint sounds in negligence and alleges that she was injured when she slipped and fell while walking across the floor of the cafeteria which "was slippery from the presence of butter pads and water." In contrast, count one of the cross claim alleges that St. Joseph "granted the defendant, Cornucopia the exclusive right to operate as an independent contractor, the dining room facilities . . . As part of that agreement, the cross claim alleges that Cornucopia CT Page 13829 promised to obtain and maintain adequate public liability and product liability insurance covering the cafeteria. Allegedly, Cornucopia failed to obtain and maintain the appropriate insurance in the manner specified in the contract.
St. Joseph argues that the breach of contract cross claim is related to the plaintiff's negligence action because the contract itself will be introduced into evidence to assist the trier of fact in determining which co-defendant exercised control of the cafeteria. The issue of control is a subordinate issue, on which the contract is but one piece of evidence. Neither the contract, nor the alleged breach of that contract, relates to the "transaction" that initiated the plaintiff's lawsuit, i.e., the plaintiff's slip and fall.
Motion to strike Count One of the cross claim is granted.
 II
Count Three of the cross claim claims indemnification under common law.
An action based upon common law indemnification has five elements. (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence. Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573, (1982)." Atkinson v. Berloni,23 Conn. App. 325, 326-27, (1990). Furthermore, to satisfy the fifth element, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id., 328.
Cornucopia argues that St. Joseph's common law indemnification claim is legally insufficient because St. Joseph has failed to plead facts sufficient to demonstrate that there existed an independent legal relationship between St. Joseph and Cornucopia. We do not agree.
In contrast to the "random and unanticipated" contact between the joint tortfeasors in Atkinson v. Berloni, supra, in the present case, Cornucopia and St. Joseph allegedly share an CT Page 13830 ongoing contractual relationship concerning the operation of the cafeteria. In count three of its cross claim, St. Joseph pleads facts regarding the creation and terms of a contract between St. Joseph and Cornucopia concerning the operation of the cafeteria where the plaintiff allegedly slipped. These facts are sufficient to support the legal conclusion that an independent relationship existed between St. Joseph and Cornucopia and to find the cross claim for common law indemnification legally sufficient.
Motion to strike Count Three of the cross claim is denied.
Wagner, J.