[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lawrence A. Frank (hereafter "Frank"), instituted this proceeding by service of a summons and complaint against Leana and John Iacovino (hereafter "Iacovinos") and American Manufacturers Mutual Insurance Company (hereafter "AMM"), for damages arising out of a motor vehicle accident between Frank and the Iacovinos.
Frank alleges that on December 13, 1993, he was involved in a motor vehicle accident and suffered serious injuries as a result. Count one sounds in negligence against the Iacovinos. Count two is a claim for underinsured insurance benefits and is directed towards AMM, Frank's insurance company.
The Iacovinos have filed a motion to strike the first count of the complaint on the ground that it is improperly joined with the second. In their brief, in support of the motion, they argue that the joining of the negligence claim against them, with an underinsured benefits claim against AMM does not pass the "transaction test" set forth by the Supreme Court to evaluate proper joinder of claims.
Frank asserts that (1) the two counts would "most certainly be ordered [joined]" by the court pursuant to Practice Book § 84a; (2) the Iacovinos have no standing to strike the contract action (count two) from the tort action (count one); and (3) in any event, the two counts meet the transaction test articulated by the Supreme Court.
Frank's counsel argued that the proper party to pursue a motion to strike for improper joinder of claims would have been AMM, not the Iacovinos. As such, counsel argued that the Iacovinos lack standing to strike count one. In addition, counsel argued that the interests of justice weigh against striking count one because the statute of limitations on the tort action has run and if the count were stricken, Frank would be wholly unable to proceed against the Iacovinos.
A motion to strike may be used to contest "the joining of two or more causes action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . ." Practice Book § 152(4); see also Hartzheimv. Derekseth Corp., 2 CSCR 537 (April 10, 1987, Noren, J.) ("[w]henever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one CT Page 1520 complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike").
"The motion to strike . . . admits all facts well pleaded."Ferryman v. Groton, `212 Conn. 138, 142. Moreover, on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff"; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170; which includes the facts fairly provable and necessarily implied. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495.
Practice Book § 133 recites, inter alia, that "if several causes of action are united in the same complaint, they shall all be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Practice Book § 134 recites, inter alia, that "[t]ransactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133 may include transactions which grew out of the subject matter in regard to which the controversy has arisen . . . ."
"Transaction" is a word of flexible meaning. Jackson v.Conland, 171 Conn. 161, 166. The "transaction test" is one of practicality and the trial court should consider the interests of judicial economy in applying the test. Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161; Jackson v. Conland, supra, 166-67. Gammo v. Truck Drivers Local Union 671, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 518182 (February 2, 1994, Aurigemma, J.).
While in certain factual circumstances, contract and tort actions are not properly joined in one complaint. The facts of this case do not implicate one of these circumstances. In Hunt v.Holte, 13 Conn. L. Rptr. 126 (November 30, 1994, Austin, J.), the plaintiff sued a negligent tortfeasor who then impleaded his insurance company for its refusal to represent him pursuant to the terms of his policy. The court granted the insurance company's motion to strike the third party complaint against it, reasoning that the tort action between the plaintiff and the defendant, and the breach of contract action between the defendant and his insurance company, did not arise out of the same transaction.
This case is factually distinguishable from Hunt v. Holte, on CT Page 1521 which the Iacovinos rely. In that case, the court noted that "the facts to be proved and the evidence to be taken in each cause of action are very different. While the Hunt negligence (tort) case will turn on questions of the car's speed, state of repair, road conditions, visibility, and the state of the driver's physical condition and control, Holte's cross claim will be concerned with issues of insurance policy term construction, policy coverage, and issues of breach of contract." Hunt v. Holte, supra, 126.
By contrast, in this case, the negligence claim against the Iacovinos and the underinsurance claim against AMM both revolve around the same issues and facts; that is, whether Frank's ability to recover against the Iacovinos will be sufficient to compensate him or whether he will be entitled to underinsurance benefits from AMM because of his inability to collect fully from the Iacovinos. Additionally, unlike in Hunt v. Holte, the underinsurance claim against AMM does not involve a claim of breach of the insurance contract; rather, it simply involves the question of whether Frank can collect the full amount of damages, if any, he is entitled to from the Iacovinos.
Using the definition of "transaction" set forth in Practice Book § 134, it may be said that the claim against the Iacovinos and AMM arise out of the same transaction because, were it not for the alleged negligence of the Iacovinos, Frank would not have to proceed against AMM for underinsurance benefits. For instance, in Hratko v. Bethel Board of Education, Superior Court, Judicial District of Danbury, Docket No. 317836 (March 7, 1995, Leheny, J.), the court noted that under Practice Book, Secs. 133(7) and 134, multiple transactions or events giving rise to a cause of action can be set forth in a single complaint as long as they have some connection with each other.
Additionally, the Iacovinos have standing to move to strike the first count since it is directed towards them; however, striking count one from the complaint would lead to an illogical and inequitable result. It would leave Frank with a cause of action against his insurance company for underinsurance benefits arising from an accident from which he cannot recover against the tortfeasor.[1] This is an inequitable result.
Finally, trial courts are vested with discretion in addressing the issue of joinder of parties and claims under section 133. The liberal construction of the joinder rules enables the parties to settle all their controversies in a single action, CT Page 1522 and it also furthers the general policy of our law which favors as far as possible the litigation of related controversies on one action. Hratko v. Bethel Board of Education, supra. As noted above, the Supreme Court has advised that trial courts should consider the interests of judicial economy and practicality in applying the transaction test. See Wallingford v. Glen ValleyAssociates, Inc., supra, 161; Jackson v. Conland, supra, 166-67.
Accordingly, the defendants' motion to strike the first count of the complaint is denied.
Moraghan, J.