[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, S. A. Marino Co., filed a seven count amended complaint on July, 17, 1996, alleging liability against the defendants for nonpayment of amounts due arising from the construction of a K-Mart store in New Milford, Connecticut. Count one, mechanic's lien foreclosure, and count two, unjust enrichment, are directed against defendant K-Mart Corporation (K-Mart). In counts three and four, the plaintiff alleges that on or about February 15, 1995, defendant AARK Construction Corporation (AARK), the general contractor, assigned its rights to claims against K-Mart for the plaintiff's extra work claims to the CT Page 530-A plaintiff, thereby granting the plaintiff the right to commence legal action against K-Mart in its own name. Count three alleges that K-Mart breached its contract with AARK by failing to pay AARK for the extra work claims AARK is obligated to pay to the plaintiff. Count four alleges that K-Mart was unjustly enriched because it accepted the benefit of the labor, materials and equipment furnished by AARK and the plaintiff with respect to the extra work claims. In counts five and six, the plaintiff alleges breach of contract against AARK. Count seven is a claim for quantum meruit against AARK.
On October 23, 1996, AARK filed a cross claim against K-Mart. AARK's cross claim is in three counts based on breach of contract, count one, unjust enrichment, count two, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), count three. Each count of the cross claim seeks to recover the contract balance and damages for delays caused by K-Mart.
Pursuant to Practice Book § 152, K-Mart filed this motion to strike the cross claim of AARK on November 22, 1996. K-Mart moves to strike on the ground that the cross claim does not arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint.
As required by Practice Book § 155, K-Mart has filed a CT Page 530-B memorandum in support of its motion to strike, and AARK has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autouri, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Id.; and the grounds specified in the motion. Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. Central Broadcasting Systems,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra, 236 Conn. 825. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Clohessy v. Bachelor, 237 Conn. 31,33 n. 4, 675 A.2d 852 (1996).
Practice Book § 116 provides, in pertinent part, as CT Page 530-C follows: "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ."
"Where the underlying purposes of Practice Book § 116, to wit, judicial economy, avoidance of multiple litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." Wallingford v.Glen Valley Associates, Inc., 190 Conn. 158, 161, 459 A.2d 525
(1983). The "transaction test" is one of practicability, and a determination of whether the policies of Practice Book § 116 are served by permitting a cross claim is a matter for the trial court's discretion. Id. In Jackson v. Conland, 171 Conn. 161,166-67, 368 A.2d 3 (1976), the Supreme Court held that the relevant considerations in determining whether the "transaction test" had been met include "whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts."
AARK argues that the plaintiff's right to payment under its CT Page 530-D contract with AARK requires a determination of AARK's right to payment from K-Mart, and the plaintiff's right to compensation for delays on the project will involve the same factual and legal analysis as AARK's claim against K-Mart. AARK further argues that to prove their claim, the plaintiff will need to fully brief the complex law regarding construction delays.
In the counts of the amended complaint directed towards K-Mart, the plaintiff alleges that it performed certain work and that, pursuant to several legal theories, it is entitled to compensation from K-Mart. The plaintiff is seeking extra work damages for delays caused in its portion of the construction project. The cross claim, on the other hand, seeks the recovery of damages for the entire construction project. Although some duplication will exist, the allegations in the amended complaint are only one aspect of AARK's claim against K-Mart. In this instance, the additional facts and questions of law raised in AARK's cross claim would hinder rather than advance judicial economy. Furthermore, if AARK has assigned its rights to claims against K-Mart with regard to the plaintiff's extra work claims, then AARK's breach of contract claim necessarily arises out of a transaction separate from the plaintiff's extra work claims.
The issues of fact and law which will arise under AARK's cross claim against K-Mart are not sufficiently connected to the CT Page 530-E plaintiff's amended complaint to warrant the court to hear them concurrently. Accordingly, defendant K-Mart's motion to strike is granted.
PICKETT, J.T.R.