[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE (#104), OBJECTION TO MOTION TO STRIKE (#106) CT Page 9697
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 38
(1985). "The motion to strike admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis supplied.) Mingachos v. CBS, Inc., supra. "[I]n ruling on a motion to strike, the court must construe the facts alleged in the [pleading] in the manner most favorable to the [pleader]." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988).
Liberty Mutual moves to strike the first and second counts of Stafford-Higgins' counterclaim on the ground that they are legally insufficient in that counts one and two are not related to or arise out to the same transaction or occurrence which is the subject of Liberty Mutual's complaint.
"A request to revise and not a motion to strike is the proper procedure to challenge whether the subject matter of a counterclaim is sufficiently related to the matter in controversy of the original complaint." State v. Beck, 3 Conn. L. Rptr. 105, 106 (January 14, 1991, Hennessey, J.). Although a request to revise is the proper vehicle to challenge whether a counterclaim arises out of the same transaction which is the subject of the complaint, courts have addressed this issue on a motion to strike. Id. The following discussion is therefore provided.
"Practice Book 116 provides in pertinent part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . .". "Section 116 `is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy.'" Atlantic Richfield Co. v. Cannan Oil Co., 202 Conn. 234, 251, 520 A.2d 1008 (1987); quoting Jackson CT Page 9698 v. Conland, 171 Conn. 161, 166, 368 A.2d 3 (1976).
Liberty Mutual's complaint alleges that it insured Stafford-Higgins in 1990 and references a claim for a loss which occurred on April 11, 1990. In the first and second counts of its counterclaim Stafford-Higgins alleges that it was insured by Liberty Mutual in 1990; Stafford-Higgins attached a copy of the policy to its counterclaim. Stafford-Higgins also alleges that it incurred losses on October 19, 1990 and December 20, 1990 and that Liberty Mutual has failed to reimburse it for those losses under the policy. The transaction that serves as the basis for Liberty Mutual's complaint is the loss incurred by Stafford-Higgins on April 11, 1990 and Stafford-Higgins' double recovery for that loss. The basis for counts one and two of Stafford-Higgins' counterclaim are the losses that occurred on October 19, 1990 and December 20, 1990. Although there may be an underlying insurance policy, counts one and two of the counterclaim are factually distinct from the complaint. It would require extensive evidence, unrelated to Liberty Mutual's action, for Stafford-Higgins to substantiate these counterclaims. As alleged, the complaint and counts one and two of the counterclaim are not related and do not arise out of the same transaction or occurrence. Accordingly, Liberty Mutual's motion to strike the first and second counts of Stafford-Higgins' counterclaim is granted.
Liberty Mutual moves to strike the third count of the counterclaim on the ground that it is legally insufficient in that the third count fails to state a valid cause of action under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes42-110b et seq. Citing Mead v. Burns, 199 Conn. 651, 509 A.2d 11
(1986), Liberty Mutual argues that Stafford-Higgins "must allege more than a single occurrence to sustain a CITPA [sic] [CUTPA] claim under CUTPA." (Liberty Mutual's Memorandum dated July 30, 1992 at 4).
A plaintiff may bring a cause of action under CUTPA for a violation of CUTPA. Mead v. Burns, supra, 663, 665-66. If the violation of CUTPA is an unfair claims settlement practice, General Statutes 38-61(6)(d) [now 38a-816(6) (d)],[1] the plaintiff must allege that the defendant committed the acts with such frequency as to indicate a general business practice. Id., 660. A plaintiff may not bring a cause of action under CUTPA which does not violate CUTPA where the alleged misconduct is related to the insurance industry. Id., 663-66. "A single instance or even isolated instances of unfair practices do not warrant actions under CUTPA." CT Page 9699 Koehm v. Kuhn, 41 Conn. Sup. 130, 139 558 A.2d 1042 (1987) affirmed 18 Conn. App. 313, 557 A.2d 933 (1989), citing Mead v. Burns, supra 666. In the third count of its counterclaim, Stafford-Higgins alleges that Liberty Mutual's refusal to pay Stafford-Higgins' December 20, 1990 claim is consistent with Liberty Mutual's practice of refusing to pay claims without a reasonable investigation or a valid defense. Stafford-Higgins alleges that Liberty Mutual's general practice of refusing to pay claims such as Stafford-Higgins' December 20, 1990 claim constitutes an unfair trade practice in violation of General Statutes 42-110b et seq. Stafford-Higgins' allegations that Liberty Mutual's refusal to pay the December 20, 1990 claim is a single isolated instance of an unfair claims settlement practice as opposed to an allegation of a general business practice. Stafford-Higgins' conclusion in count three that this is consistent with Liberty Mutual's practice of refusing to pay claims is not supported by any factual allegations. Because Stafford-Higgins has only alleged a single instance of unfair practices and because a motion to strike does not admit legal conclusions the third count of the counterclaim is legally insufficient. Although the superior courts are split on the issue of whether a single act can constitute a CUTPA violation, Mead v. Burns, supra, is controlling under the facts of the instant case and Liberty Mutual's motion to strike count three of the counter claim is granted.[2]
Liberty Mutual argues that Stafford-Higgins' claim for punitive damages is legally insufficient pursuant to the reasoning of Bishop v. Kelly, 206 Conn. 608, 539 A.2d 108 (1988). Liberty Mutual argues that General Statutes 42-110g(a) provides that the court may award punitive damages and that in Bishop, the Connecticut Supreme Court held that General Statutes 14-295 was unconstitutional because the statute requires that court to award multiple damages. Liberty Mutual concludes that because General States 42-110g(a) violates its right to a jury trial under the state constitution, its motion to strike Stafford-Higgins' claim for punitive damages must be granted because the punitive damage claim is legally insufficient. Liberty Mutual' motion to strike the punitive damages claim requires this court to make a legal determination as to the constitutionality of General Statutes42-110g(A). "Such a [legal] determination is not appropriate on a motion to strike which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corporation v. William Foley. d/b/a Wm. Foley Sons Inc., 7 C7 CTLR 64 (July 15, 1992, Lewis, J.). Liberty Mutual has failed to raise any other ground to strike Stafford-Higgins' punitive damage claim. CT Page 9700 Accordingly, the motion to strike the punitive damage claim is denied.
In conclusion, Liberty Mutual's motion to strike the first, second and third counts of the counterclaim is granted. The motion to strike the punitive damage claim is denied.
SYLVESTER, J.