[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
I
The plaintiff moves to strike several special defenses, the defendant's counterclaim, or in the alternative, several claims for relief on the counterclaim, and several claims for relief which are part of the defendant's setoff to the plaintiff's third amended, two-count complaint (complaint).
 II
The plaintiff, Kurt Laaser, alleges that he is the surviving spouse of Margarete F. Laaser, a/k/a Margarete B. Laaser, decedent, and that the defendant is the executor of the decedent's will. She died testate February 9, 1993. On or about September 23, 1977, the plaintiff conveyed to the decedent his one-half interest in real property located at 1315 Exeter Road, Lebanon, Connecticut (property). The purpose of this conveyance was "only for convenience", as the plaintiff "was concerned about losing said interest in the property to individuals claiming to be creditors . . . and the conveyance to [the decedent] was made expressly upon their agreement that said interest would be reconveyed to the plaintiff at a later date."
The defendant's decedent promised the plaintiff that, if she predeceased him prior to said reconveyance, "said property would be devised to him by virtue of her will which at the time of the [conveyance] named the plaintiff as sole beneficiary." The decedent further promised the plaintiff that she would not change her will. Upon reliance of said promise, the plaintiff "made the aforementioned conveyance, and also subsequently paid for numerous repairs and improvements to the . . . property . . . and also paid real estate taxes, insurance and a home equity loan thereon".
The defendant's decedent failed to reconvey the property to the plaintiff and "attempted to disinherit the [plaintiff] by the execution of a document purporting to be her [will]". CT Page 8282
In count one, the plaintiff alleges that, on August 3, 1993, the plaintiff made claim for damages or re-conveyance of said property. On or about November 11, 1993, the defendant rejected the plaintiff's claim. In count two, the plaintiff alleges that the decedent breached her agreement with the plaintiff when she executed her later will in contravention of their mutual, reciprocal will "whereby both parties agreed to make each other the beneficiary of their Wills by executing mutual, reciprocal Wills."
The plaintiff seeks the following: (1) damages; (2) a judgment that said agreement constituted a constructive trust, that the defendant holds title in trust for the plaintiff, and that the defendant "breached his trust by refusing to convey his interest as executor . . . to the plaintiff;" (3) an order that the defendant convey to the plaintiff the right, title and interest to the property; (4) any other applicable equitable relief; and (5) specific performance of the agreement.
The defendant filed an answer to the plaintiff's third-amended complaint, numerous special defenses, a counterclaim and a setoff.
The plaintiff now moves to strike the defendant's counterclaim, or portions thereof, and several claims for relief to the setoff, and the first, second and fifth special defenses to count one, and the first and third special defenses to count two. Each party filed a memorandum of law.
 III
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1989). The motion to strike admits all facts well pleaded. Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142. The "facts necessarily implied by the allegations in a CT Page 8283 complaint are sufficiently pleaded, and hence need not expressly be alleged . . . . If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." (Citations omitted.) Bouchard v. People's Bank, supra, 471. These rules are similarly applicable to special defenses, counterclaims and setoffs.
 IV
A. Special Defenses
The defendant alleges the following in his first special defense against both counts: "The plaintiff had the full value and benefit, to the exclusion of decedent or her estate, of any and all proceeds . . . of the home equity loan" alleged by the plaintiff in the complaint. The plaintiff argues that this special defense is legally insufficient because this is an assertion of fact rather than a legally cognizable defense. The defendant argues that the special defense is legally sufficient because the plaintiff alleges said home equity loan "as an element of proof or an agreement, promises or representations."
"Facts which are consistent with [statements that show that the plaintiff's statements are untrue] but show, notwithstanding that he has no cause of action, must be specially alleged." Practice Book § 164; see Grant v. Bassman, 221 Conn. 465, 472-73
(1992). In the present case, the plaintiff seeks damages and conveyance of the property. It is evident that the facts alleged in this special defense do not show that the plaintiff has no cause of action in the present case. Accordingly, the plaintiff's motion to strike the first special defense as to both counts is granted.
The defendant alleges the defense of laches in his second special defense against count one, because the plaintiff "waited over fifteen years to make demand or assert a claim." The plaintiff argues that because the defendant fails to properly allege the defense of laches, this special defense is legally insufficient.
When alleging the defense of laches, "`[t]he burden of proof is on the party alleging laches to establish that defense.'"Coscina v. Coscina, 24 Conn. App. 190, 194 (1991), quotingCummings v. Cummings, 204 Conn. 67, 88 (1987). CT Page 8284
 Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant . . . . The mere lapse of time does not constitute laches . . . unless it results in prejudice to the defendant . . . as where, for example, the defendant is led to change his position with respect to the matter in question.
(Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-04
(1992).
The defendant has neither alleged facts asserting an inexcusable delay, nor alleged facts that the delay was prejudicial to the decedent or her estate. Furthermore, the elements of laches cannot be implied from the facts alleged in the defendant's special defense. Therefore, the special defense of laches is legally insufficient and, thus, is also stricken.
The defendant alleges the following in his fifth special defense against count one and third special defense against count two: "[The plaintiff] is estopped by collateral estoppel from maintaining a claim herein which is inconsistent with plaintiff's claim that title was in the decedent made by him in [Bourdeau v.Laaser, Judicial District of New London, Docket No. CV78-030193S]." The plaintiff argues that because the case relied upon by the defendant involved different parties, this special defense is legally insufficient. The plaintiff here was a party in the above cited case.
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action . . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 296 (1991).
Our Supreme Court recently abandoned the mutuality of parties rule, reasoning that "[t]o allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a CT Page 8285 ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary." Id., 302. By this reasoning, the defendant may assert a defense of collateral estoppel, notwithstanding that both parties in the present case were not parties in the defendant's cited case.
However, the defendant has failed to allege facts to show that the issues in the present case were fully and fairly litigated in the first action. Nor has the defendant alleged facts to show that the issues in the present action were actually decided in the first action or that the decision in the first action was necessary to the judgment rendered therein. Accordingly, the special defense of collateral estoppel is legally insufficient and is stricken.
B. Counterclaim
In his counterclaim, the defendant alleges the following facts. On March 27, 1984, the plaintiff and decedent jointly executed a home equity note in the amount of $40,000, secured by a mortgage deed to the decedent's residence, which is the subject of the plaintiff's complaint. In December, 1992, the plaintiff "drew an advance of $37,350 against said note without the knowledge" of decedent. On February 17, 1993, the plaintiff drew an advance of $2,000 against said note "The terms of said note state that each advance constitutes a promissory note which [the plaintiff] promise[d] to pay." The plaintiff failed to repay the balance of said note and the decedent paid interest on said note. The defendant seeks the following claims for relief: (1) damages; (2) judgment that the defendant is entitled to recover from the plaintiff the full outstanding balance of said note; (3) [an] order that the plaintiff repay all outstanding balances due and payable on said note; and (4) any other applicable equitable relief.
The plaintiff moves to strike the defendant's counterclaim on the ground that it does not arise out of the same transaction alleged in the plaintiff's complaint; or, in the alternative, seeks to strike claims for relief numbered 2 through 4, inclusive, because the defendant has not "alleged payment of the amounts claimed". The defendant argues that his counterclaim is proper because "the same facts have to be proven" in the plaintiff's complaint and the defendant's counterclaim.
"The proper motion to attack a counterclaim . . . on the CT Page 8286 ground that it does not arise out of the transaction in the plaintiff's complaint is a request to revise." Constible v.Stratton, 8 CSCR 470 (April 1, 1993, Flynn, J.); see LibertyMutual Insurance Co. v. Stafford-Higgins Industries, 7 CSCR 1341, (October 27, 1992, Sylvester, J.); TIE/Communications v. Kopp,7 CSCR 1027, 1028 (August 17, 1992, Karazin, J.); State v. Beck,6 CSCR 374, 375 (January 14, 1991, Hennessey, J.); see also Practice Book § 147(2); 1 Stephenson, Conn. Civ. Proc., § 131(c) (A. Covello, J.2d ed. Supp. 1982). Nonetheless, a court "may elect to reach the merits of" a motion to strike filed on such grounds.State v. Beck, supra, 375; see Liberty Mutual Insurance Co. v.Stafford-Higgins Industries, supra, and will do so.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." Practice Book § 116. "Section 116 `is a common-sense rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy.'" Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,251 (1987), citing Jackson v. Conland, 171 Conn. 161, 166
(1976). A counterclaim "has been defined as `a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant.'" (Citation omitted.) Home Oil Co. v. Todd, 195 Conn. 333, 341
(1985).
The defendant alleges facts in connection with a home equity loan secured by the very real estate which is the subject of plaintiff's complaint. The defendant alleges that the plaintiff and decedent jointly executed a home equity note for a loan secured by a mortgage deed on the decedent's property. Accordingly, the court finds that the allegations in the counterclaim arise out of a transaction that is the subject of the plaintiff's complaint and is closely related thereto.
As to the claims for relief on account of the counterclaim, the short answer to the plaintiff's assertion is that it is not necessary to allege payment. Fairly read, the defendant's counterclaim alleges that the plaintiff is co-obligor on the home equity note, and the note holder has made demand for payment in full, the loan balance is due and payable and the mortgage remains a lien on the decedent's property. This is legally CT Page 8287 sufficient to state a cause of action. The plaintiff's motion to strike the defendant's counterclaim, or, in the alternative, the claims for relief is denied.
 VI
In his demand for setoff, the defendant alleges the identical facts contained in his counterclaim. "General Statutes § 52-139(a) provides that `[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other.'" Rosa v.Colonial Bank, 207 Conn. 483, 493 (1988), quoting General Statutes § 52-139(a).
 Traditionally, the distinction between a setoff and a counterclaim centers around whether the claim arises from the same transaction described in the complaint. If the claim involves a debt which is mutual and liquidated, even though it arises from separate transactions, it is characterized as a setoff. See General Statutes § 52-139. If the claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim.
(Citation omitted.) Northwestern Electric, Inc. v. Rozbicki,6 Conn. App. 417, 426 (1986).
The plaintiff has moved to strike claims for relief 2 through 4 inclusive, which are part of the defendant's setoff on the identical grounds he sought to strike them from the counterclaim. This portion of the motion also fails for the reasons previously stated.
CONCLUSION
To summarize, the plaintiff's motion to strike the first, second and third defenses to count one, and the first and third defenses to count two is granted. The remainder of the motion to strike relating to the counterclaim and the claims for relief to the counterclaim and setoff is denied.
Teller, J. CT Page 8288