190 Conn. 158 (1983)
TOWN OF WALLINGFORD
v.
GLEN VALLEY ASSOCIATES, INC., ET AL.
(10570)
Supreme Court of Connecticut.
Argued January 3, 1983.
Decision released May 17, 1983.
PETERS, HEALEY, PARSKEY, SHEA and SPONZO, JS.
*159 Raphael Korff, for the appellant (named defendant). Walter R. Kusak, for the appellee (plaintiff).
Dennis C. Lanzoni, for the appellee (defendant Greater Connecticut Development Corporation).
SPONZO, J.
The plaintiff instituted an action to foreclose sewer and municipal tax liens on premises located in the town of Wallingford. The named defendant, Glen Valley Associates, Inc. (hereinafter Glen Valley), filed an answer and cross complaint in which it claimed monetary damages and an injunction against the plaintiff because of the alleged unlawful diversion of waters onto the subject property.
The plaintiff moved to strike the cross complaint for the reason that that pleading was improper under both the Practice Book and case law. This motion was granted without a written memorandum of decision. Thereafter, Glen Valley filed a request for leave to amend its answer in which it attempted to establish by a special defense that the value of its property was destroyed by the unlawful diversion of surface waters and that the sewer assessment was invalid because of a lack of benefit. This request was denied upon objection by the plaintiff.
After judgment of strict foreclosure was rendered, Glen Valley appealed and assigned error in the trial court's (1) decision to strike the cross complaint, (2) denial of the request to amend the answer, (3) denial of Glen Valley's motion to strike the cross claim of the *160 defendant Greater Connecticut Development Corporation,[1] and (4) failure to find the sewer assessment invalid because of lack of notice.
In considering the first assignment of error, we note that the defendant Glen Valley improperly entitled the pleading a cross complaint rather than counterclaim. In oral argument and in their briefs both the plaintiff and the defendant have limited their discussions within the confines of Practice Book § 116.[2] Under this rule a counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. See Ballentine's Law Dictionary (3d Ed.) p. 279.
Practice Book § 116 provides that a counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. In its motion to strike, the plaintiff based its claim that Glen Valley's counterclaim was improper on the assertion that it was unrelated to the factual and/or legal issues in its complaint. The *161 plaintiff contended that Glen Valley had not met the transaction test as stated in § 116, which is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy.
"The `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion.... Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a cross claim, the cross claim may properly be expunged." Jackson v. Conland, 171 Conn. 161, 166-67, 368 A.2d 3 (1976).
Glen Valley's claim that the plaintiff unlawfully diverted surface water thereby damaging its property sounds in tort. Wallingford's foreclosure action involves enforcement of a lien acquired by operation of law. The factual and legal issues raised by the counterclaim clearly do not arise from the foreclosure action. A substantial duplication of effort would not result if each claim was separately tried. The trial court, therefore, did not abuse its discretion in striking the counterclaim.
As to the second assignment of error, rulings on a motion to amend an answer similarly lie within the discretion of the trial court. Tedesco v. Julius C. Pagano, Inc., 182 Conn. 339, 341, 438 A.2d 95 (1980); Sellner v. Beechwood Construction Co., 176 Conn. 432, 438, 407 A.2d 1026 (1979). "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. `The essential tests are whether the ruling of the court will work an injustice to either *162 the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial.' Smith v. New Haven, 144 Conn. 126, 132, 127 A.2d 829 (1956)." Tedesco v. Julius C. Pagano, Inc., supra, 341-42.
Practice Book § 164[3] provides that "no facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue."
Neither amendment proposed by Glen Valley was a prima facie defense to the foreclosure action. In filing an amendment concerning diversion of surface water, Glen Valley attempted to assert what the court had disallowed in the counterclaim. The court could thus have reasonably concluded that while such a claim could be the basis for an independent action it was unrelated to and could not defeat plaintiff's cause of action. The special defense sought to be interposed, which alleged lack of benefit from sewer facilities clearly would not defeat the foreclosure action. The proper method to appeal from an assessment of benefits is provided for in General Statutes § 7-250. If Glen Valley wished to contest the benefit to it, an appeal could have been filed in the superior court in the judicial district where its property is located. At the time of this action, however, the appeal period had passed. Permitting these special *163 defenses which did not adequately challenge the complaint would have been an injustice to the plaintiff. There was no abuse of discretion in prohibiting them.
Glen Valley's final claim of lack of notice is also without merit. Practice Book § 187 reads in part as follows: "When the lien has been continued by certificate, the production in court of the certificate of lien, or a certified copy thereof, shall be prima facie evidence that all requirements of law for the assessment and collection of the tax or assessment secured by it ... have been duly and properly complied with. Any claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be a matter of affirmative defense to be alleged and proved by the defendant." The record includes a certified copy of the sewer assessment lien; however, it is devoid of any evidence showing that Glen Valley failed to receive notice of the proposed sewer assessment. Since Glen Valley did not sustain its burden of proof, the sewer lien is presumed to be valid.
There is no error.
In this opinion the other judges concurred.
NOTES
[1] The defendant Greater Connecticut Development Corporation was granted permission to be made a party defendant. It filed a cross complaint against Glen Valley. The record does not disclose that Glen Valley moved to strike this cross complaint. Accordingly, we will not consider this claim of error.
[2] "[Practice Book] Sec. 116.SUPPLEMENTAL PLEADINGS; COUNTER-CLAIMS

"Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim or cross claim. A defendant may also file a counterclaim or cross claim under this section against any other party to the action for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant."
[3] "[Practice Book] Sec. 164.DENIALS; SPECIAL DEFENSES

"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."