[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Citytrust has brought two separate foreclosure action against Kings Gate Developers, Inc. (Kings Gate) and Frederick D'Aiuto, the president of Kings Gate, to foreclose mortgages from these two defendants. The mortgages secure a promissory note from Kings Gate and a guarantee thereof by the individual defendant.
The complaints allege that Kings Gate failed to pay the amounts due and owing on the promissory note in question, and the the individual defendant D'Aiuto in the second case failed to pay the amounts due under his guarantee of the Kings Gate note, which guarantee includes a mortgage on his property located on Treadwell Avenue in Westport.
The defendants in both cases file counterclaims and special defenses against Citytrust alleging the the plaintiff's attorney interfered with a contractual relationship between Kings Gate and First Investment Group, Ltd. (First Investment), a prospective purchaser of the property owned by Kings Gate and mortgaged to Citytrust, which property is located on Kings Highway North in Westport.
The counterclaims and special defenses allege that had the plaintiff not interfered with the prospective purchase, the sale to First Investment would have occurred and Citytrust's mortgages would have been paid.
Citytrust now moves pursuant to Practice Book 152 to strike these counterclaims and special defenses (#117 and #118 in Kings Gates; and #120 and #121 in D'Aiuto, respectively) on the ground that the allegations thereof do not "arise(s) out of the transaction or one of the transactions which is the subject of the plaintiff's complaint" as required by Practice Book 116.
Plaintiffs also argue that First Investment is not a party to either action and that in the D'Aiuto case the property mortgaged to the plaintiff is separate and distinct from the property mortgaged by Kings Gate. Plaintiff claims, furthermore, that the defendants' counterclaim and special defenses sound in tort, that is, a tortious interference with a contract, whereas the underlying actions involve the CT Page 3282 validity and enforcement of promissory notes, a guarantee and mortgages.
The plaintiffs further point out that the alleged interference involving First Investment is claimed to have occurred in either late December 1989 or early January 1990, several months after Kings Gate first defaulted on its obligation in September 1989.
The issues raised by the counterclaims and special defenses do not arise out of the foreclosure action. They allege that as a result of the interference First Investment was induced to breach its agreement with Kings Gate, but they do not assert any connection between alleged tortious interference and the making, validity or enforcement of the promissory not or guarantee. The issues in this case, therefore, appear to fall squarely within Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983), which describes the "transaction test" in Practice Book 116 as a ". . . rule designed to permit the joinder of closely related claims . . ." The Town of Wallingford was attempting to foreclose sewer and municipal tax liens. The defendants counterclaimed alleging that the Town had unlawfully diverted surface waters onto the property of the defendants. The court held that the counterclaim did not allege any factual or legal issues common to the issues raised in the complaint.
 Glenn Valley's claim that the plaintiff unlawfully diverted surface water thereby damaging its property sounds in tort. Wallingford's foreclosure action involves enforcement of a lien acquired by operation of law. The factual and legal issues raised by the counterclaim clearly do not arise from the foreclosure action. A substantial duplication of effort would not result if each was separately tried.
Id. 161.
In addition, the court in Wallingford held that the trial court did not abuse its discretion in denying Glen Valley Associates' request to amend its answer with the addition of two special defenses. Id. at 162-63.
 Practice Book 164 provides that "no facts may be proved under either a general or special denial except such as show CT Page 3283 that the plaintiff's statements of fact are untrue."
 Neither amendment proposed by Glen Valley was a prima facie defense to the foreclosure action. In filing an amendment concerning diversion of surface water, Glen Valley attempted to assert what the court had disallowed in the counterclaim. The court could thus have reasonably concluded that while such a claim could be the basis for an independent action it was unrelated to and could not defeat plaintiff's cause of action. The special defense sought to be interposed, which alleged lack of benefit from sewer facilities clearly would not defeat the foreclosure action.
Id. at 162.
It seems clear that the inability of the two defendants to make payment on the note and guarantee in question has no connection, either factually or legally, with the subsequent inability of Kings Gate to sell its Kings Highway North property.
For these reasons, the motions to strike the counter claims and the special defenses of tortious interference are granted in both cases.
SO ORDERED.
Dated at Stamford, Connecticut this eighteenth day of October, 1990.
LEWIS, J.