[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION TO STRIKE, No. 118)
Evelyn Miller seeks to strike a pleading entitled a cross-claim contending that it is legally insufficient as it fails to seek legal or equitable relief of any recognizable kind.
The plaintiffs, Evelyn Miller and Helen Whitten, filed a four count amended complaint dated July 9, 1990 against the defendant Kristen E. Dickinson. The first count alleges that on June 23, 1989, the defendant's car crossed the center line of a public highway, passed plaintiff Evelyn Miller's (hereinafter "plaintiff driver") vehicle, pulled back in front of plaintiff driver's vehicle and immediately braked, thereby causing the plaintiff driver's car to collide with the defendant's vehicle. The plaintiff driver alleges that the defendant's carelessness and negligence caused the accident and resulting damages. The plaintiff driver allegedly struck the steering wheel and windshield receiving numerous severe injuries. The plaintiff driver allegedly has incurred considerable medical expenses and will continue to expend money for medical treatment in the future.
The second count incorporates the first three paragraphs of the first count and alleges that the defendant's reckless indifference was a substantial factor in causing the plaintiff driver's injuries.
The third count alleges that plaintiff Helen Whitten (hereinafter "plaintiff passenger") was a passenger in plaintiff driver's vehicle at the time of the collision, and that the carelessness and negligence of the defendant caused the collision. As a result of the alleged collision, the plaintiff passenger struck her head and face on the windshield receiving numerous injuries. The plaintiff passenger allegedly has expended considerable sums of money for medical treatment and will continue to do so in the future.
The fourth count incorporates the first three paragraphs of the first count, and further alleges that the defendant's reckless indifference was a substantial factor in causing the plaintiff passenger's injuries.
The plaintiffs claim compensatory damages as to the first and third counts, and double and treble damages in accordance with Conn. Gen. Stat. 14-295 as to the second and fourth counts.
The defendant filed an answer, special defenses and cross-claim to the plaintiffs' amended complaint dated September 14, 1990. The first special defense alleges that should the court award damages to the plaintiffs, the defendant is entitled to a reduction in the award equal to amounts paid to the plaintiffs from collateral sources under Conn. Gen. Stat. 52-225(a). The CT Page 2608 second special defense to the first and second counts alleges that the plaintiff driver's own negligence caused the accident. The second special defense to the third and fourth counts alleges that should the court find the defendant liable to the plaintiff passenger, the defendant is entitled to apportionment of the damages between herself and the plaintiff driver pursuant to Conn. Gen. Stat. 52-572(h) (Tort Reform II).
The September 14, 1990 "cross-claim" is technically a counterclaim as it is a demand made by a defendant against a plaintiff. See Conn. Practice Bk. 116 (rev'd to 1978, as updated to July, 1990). As the parties all refer to the counterclaim as a cross-claim, for consistency this memorandum will also refer to the counterclaim as a cross-claim.
The defendant's cross-claim alleges that the plaintiffs' injuries were caused by the negligence of the plaintiff driver/cross-defendant. The defendant prays for an assignment of percentage of negligence attributable to each party pursuant to Conn. Gen. Stat. 52-572h(f)(3) and an assessment of the plaintiff driver's proportionate share of any recoverable damages awarded to the plaintiff passenger pursuant to Conn. Gen. Stat. 52-572h(c) and 52-572h(d).
The plaintiff driver has filed a motion to strike the cross-claim on the grounds of legal insufficiency in that it seeks neither legal nor equitable relief of any recognizable kind; it duplicates relief already requested in the second special defense; and it seeks relief against a party whose interests are already established under Conn. Gen. Stat. 52-572h(n), which the plaintiff refers to as "52-572(n)."
Duplication of allegations is not a proper ground for a motion to strike; this should be raised by a request to revise which is to be used, "[w]henever any party desires to obtain . . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." Conn. Practice Bk. 147(2)(rev'd to 1978, as updated to July, 1990).
The plaintiff driver also asserts in her motion to strike that the cross-claim is legally insufficient as it seeks relief against a party whose interests were previously established under Conn. Gen. Stat. 52-572h(n). This legal ground is dependent upon facts not alleged in the pleadings, and thus is also legally improper. A "speaking motion to strike" (alleging matters outside of the pleadings) will not be granted: "[w]here the legal grounds for such a motion are dependent upon underlying facts not alleged in the . . . pleadings . . . the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). CT Page 2609
The plaintiff driver also asserts that the defendant's cross-claim is legally insufficient as it fails to seek legal or equitable relief. "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross-claims against any codefendant provided that each such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Conn. Practice Bk. 116 (rev'd to 1978, as updated to July, 1990). "Under this rule [Conn. Practice Bk. 116] a counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160 (1983).
Defendant's cross-claim seeks only apportionment of liability and fails to seek affirmative relief as required by Practice Bk. 116.
Accordingly, the Motion to Strike is granted.
Stuart M. Schimelman, Judge