[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is an action to foreclose a mortgage on premises at 10 Norstrum Road, Norwalk, Connecticut. The mortgage was executed by the defendants, Rafael and Natalia Osegueda, to secure a note in the principal sum of $186,000. The note and deed were signed on October 29, 1986.
The plaintiff is the present holder of the note and claims that the installment of principal and interest due on March 1, 1989, and every month thereafter, has not been paid.
The defendants, Norman and Lorraine LeBlanc, claim to be assignees of a mortgage on the property in the original amount of $35,000, executed by the defendants, Rafael and Natalia, Osegueda, dated October 29, 1986, which is subordinate to the plaintiff's mortgage.
The defendant, Kimberly Currie, Trustee, claims an interest in the property because of a quit-claim deed from the defendants, Rafael and Natalia Osegueda, to her dated June 19, 1989, some three months after the initial default on the mortgage.
The defendants, Kimberly Currie, Trustee, and Norman and CT Page 5229 Lorraine LeBlanc, have filed answers and counterclaims. In the counterclaims the defendants allege that the original lender, Dime Savings Bank of New York, failed to provide Currie with a statement of the mortgage account information when it was requested between June and October 1989. The counterclaims allege that the information was needed in connection with a prospective sale of the property. The counterclaims allege that "by reason of the failure of plaintiff or The Dime Savings Bank to furnish defendant Kimberly Currie, Trustee with a statement of the account, the said Kimberly Currie, Trustee lost the opportunity to sell the subject premises, thus depriving her of substantial profits and in fact causing her to sustain substantial losses in view of the sharp drop in real estate values in the Norwalk area."
The plaintiff has moved to strike the counterclaim because the allegations do not arise out of the transaction which is the subject of the plaintiff's complaint as required by Practice Book Section 116.
Practice Book Section 116 provides: In any action for legal or equitable relief any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim and crossclaim arises out of the transaction or one of the transaction which is the subject of the plaintiff's complaint.
The court must agree with the plaintiff's contention that such cases as Walingford v. Glen Valley Associates, Inc.,190 Conn. 158, 459 A.2d 525 (1983) clearly indicate that where a substantial duplication of effort would not result if each claim was separately tried and the plaintiff seeks to foreclose a mortgage, while the defendants' claims sound (despite a contention to the contrary in their brief) in tort, the counterclaim should be struck as not arising out of the same transaction. See, Citytrust v. King's Gate Developers, Inc. Et Al, 2 CT. L. R. 498 (Nov. 12, 1990).
The motion to strike the counterclaim is granted.
NIGRO, J.