[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTERCLAIM
The plaintiff instituted the present action to foreclose a construction mortgage and named various defendants including James P. Holcroft and Sara A. Holcroft hereinafter ("Holcroft") who claimed an interest in the property subject to the mortgage by virtue of the recording, subsequent to the recording of the mortgage, of an agreement to purchase one of the lots subject to the mortgage.
Holcroft has filed a counterclaim alleging that they had a purchase agreement with respect to part of the property encompassed by the mortgage and that agreement was duly recorded on land records. Holcroft further alleges the plaintiff exerted improper and excessive control over the development project including a right to require the named defendant to obtain the plaintiff's approval before entering into any contracts. Holcroft further alleges that the plaintiff knew or should have known of the precarious financial condition of the named defendant and that the funds supplied by Holcroft would be utilized to pay-down the debt owed to the plaintiff without the defendant receiving any benefit therefrom. The counterclaim further alleges that the plaintiff allowed the named defendant to enter a contract with Holcroft when the plaintiff knew or should have known that named defendant did not have the ability or financial wherewithal to perform or honor their contractual obligations. The counterclaim further alleges that the plaintiff knew or should have known that the named defendant would be unable to honor its contractual obligations with the defendant and that foreclosure would result. The defendants further claim that the plaintiff should be denied the relief it seeks; that the plaintiff should be equitably subordinated to the interest of the defendants on the subject property; and should refund the $80,000 deposit that the defendants paid to the named defendant which was deposited in the account with the plaintiff bank.
The plaintiff has now moved to strike the counterclaim filed on behalf of Holcroft on the grounds that the claims asserted therein do not arise out of the transaction which is the subject of the plaintiff's complaint and that the counterclaim is totally unrelated to the factual and legal issues presented in the CT Page 4230 foreclosure action.
Pursuant to Connecticut Practice Bk. 116, a counterclaim must arise out of the same transaction which is the subject to the plaintiff's complaint. The "transaction test" serves to ensure the purposes behind the role of judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action. The Town of Wallingford v. Glenn Valley Associates, Inc., 190 Conn. 158, 161 (1983). The plaintiff relies upon The Town of Wallingford v. Glenn Valley Associates, Inc., supra, for the proposition that a counterclaim in a foreclosure action should not be allowed when it alleges issues beyond the scope of the plaintiff's claim. In the Wallingford case, the plaintiff Town brought an action to foreclose a sewer and municipal tax lien and the defendant counterclaimed in tort alleging that the plaintiff had unlawfully diverted water onto its property. In the present case, the defendant Holcroft alleges that the manner in which the plaintiff administered the construction' mortgage impacted upon the contract for purchase and materially affected their ability to purchase the property and caused the loss of their deposit monies. Thus, the allegations of the counterclaim concern the administration of the construction mortgage by the plaintiff and the control that the plaintiff thereby exercised with respect to the sale of the property by the named defendant.
"An action for foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn'. v. Tucker,196 Conn. 172, 175 (1985), stay denied 474 U.S. 896, cert den. 474 U.S. 920
(1985). Once any equitable claim has been raised, "the court retains its equitable jurisdiction to consider all the equities before it in order to render complete justice." Fellows v. Martin, 217 Conn. 57, 64 (1991), and cases therein cited.
In the present action, Holcroft claims that the manner in which the plaintiff administered the mortgage and the manner in which the plaintiff exercised its rights granted under its agreements with the named defendant, caused damage to them. The court, in exercising its equitable powers, should have all matters before it which might bear upon action to be taken by the court.
Accordingly, the Motion to Strike the Counterclaim is denied.
RUSH, J. CT Page 4231