[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action to foreclose a mortgage by Station Drive Associates, Inc. and named as additional defendants, five individual defendants (hereinafter "Intrieri") who held a prior mortgage on the property and who executed a subordination agreement. The Intrieri defendants have filed special defenses and counterclaims which the plaintiff now moved to strike on the grounds that (1) the pleadings contain only conclusions unsupported by allegations of fact and (2) the counterclaims do not arise out of the transaction alleged in the complaint as required by Practice Book 116.
The court has reviewed the pleadings filed by the parties concludes that the allegations contained in the special defenses and the counterclaim are sufficient to withstand a motion to strike. CT Page 4663
The counterclaims request various forms of equitable relief including reformation of the terms of the plaintiff's mortgage and subordination agreement and the equitable determination of which lots should be the subject of the plaintiff's mortgage. The claims advanced in the counterclaims relate to claims of mutual mistake, failure to abide by the terms of the subordinated mortgage; and issues of priority between the parties.
Pursuant to Connecticut Practice Book 116, a counterclaim must arise out of the same transaction which is the subject of the plaintiff's complaint. The "transaction test" serves to insure the purposes behind the rule of judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action. Town of Wallingford v. Glenn Valley Associates, Inc., 190 Conn. 158, 161 (1983). "An action for foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985); stay denied 474 U.S. 896 cert. den. 474 U.S. 920 (1985). Once any equitable claim has been raised, "the court retains its equitable jurisdiction to consider all the equities before it in order to render complete justice." Fellows v. Martin, 217 Conn. 57, 64
(1991), and cases therein cited.
In the present case, the issues raised by the counterclaim arise out of the subordination agreement and the obligations that the plaintiff had, if any, with respect to that agreement. The court in exercising its equitable powers, should have all matters before it which might bear upon the action to be taken by the court.
Accordingly, the Motion to Strike is denied.
RUSH, J. CT Page 4664
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4665
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4666
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4667
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4668