[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Fikri and Resmije Agolli, bring this action against the defendants, David Hall and Daymark Foods, Inc. ("Daymark"). The plaintiffs allege that a truck owned by Daymark and operated by Daymark's employee, Hall, struck a motor vehicle driven by Fikri, in which Resmije was a passenger. the plaintiff, Resmije, has made no claim against the driver of her automobile, Fikri.
On April 20, 1994, the defendants filed an answer denying the essential allegations of the plaintiffs' complaint, a special defense asserting comparative negligence against Fikri, and a counterclaim against Fikri seeking apportionment of fault with respect to the claim of the passenger, Resmije. Plaintiff Fikri filed a motion to strike the defendants' counterclaim. The defendants filed a memorandum in opposition to the motion to strike.
Plaintiff, Fikri, moves to strike the counterclaim on the ground of legal insufficiency because the counterclaim unnecessarily seeks to assert an apportionment claim against a party-plaintiff, when General Statutes § 52-572h allows apportionment between parties. The defendants argue that if their counterclaim is unnecessary to apportion liability, it will be superfluous, rather than legally insufficient, and, therefore, it will not prejudice the plaintiffs.
"A counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates,CT Page 7366Inc., 190 Conn. 158, 160, 459 A.2d 525 (1983). "A claim for apportionment of damages does not constitute a `cause of action,' and the defendant could not have brought a separate action to secure [a claim of apportionment]." Torres v. Mejias,7 CSCR 1006 (July 20, 1992, Wagner, J.). See also Miller v.Dickinson, 3 Conn. L. Rptr. 308, 309 (March 7, 1991), which arrived at the same result stated in Torres. This court agrees with the reasoning in both of the aforementioned cases, and, therefore, arrives at the same conclusions for the reasons stated in those decisions.
The defendants' counterclaim seeks only apportionment of liability and fails to seek affirmative relief. It is legally insufficient, and therefore, the plaintiffs' motion to strike is granted.
/s/ Pellegrino, J. PELLEGRINO