[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought this action against the defendants for wrongful termination. The defendants, thereafter, filed an amended answer including affirmative defenses and a counterclaim. At issue is the plaintiffs motion to strike the defendants' three count counterclaim alleging slander per se included in the amended answer. The defendants' counterclaim is meritorious for three reasons.
First, the plaintiff argues that the counterclaim is barred by the two-year statute of limitations applicable to slander actions, General Statute § 52-597. The court does not address the merits of this argument, however, because as a threshold matter, the plaintiff has neither alleged nor shown how the two exceptions to the general rule not allowing the statute of limitations to be raised through a motion to strike apply to her case. See Forbes v. Ballaro, 31 Conn. App. 235, 239-40,624 A.2d 389 (1993) (explaining that the court will allow use of the motion to strike to raise the statute of limitations defense only where the parties agree that the complaint sets forth all of the pertinent facts or where the limitations period pertains to a right created by statute); McGrath v. The Yale Corporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 326144 (May 17, 1993, Thompson, J.) (finding that the statute of limitations defense applicable to slander actions, General Statutes § 52-597, cannot be raised through a motion to strike).
Second, the plaintiff argues that the counterclaim is improper pursuant to Practice Book § 10-10 because it is not part of the transaction that is the subject of the complaint. The issues raised by the counterclaim are certainly part of the same CT Page 16065 transaction alleged in the complaint as they go to proving the issue of whether the plaintiff was in fact wrongfully terminated. In addition, having a separate trial on the issues raised in the counterclaim would lead to duplication and inefficiency. SeeWallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983) (finding that one of the purposes of Practice Book § 10-10 is to avoid multiplicity of litigation). Moreover, whether a counterclaim is part of the transaction that is the subject of the complaint is left to the sound discretion of the trial court. Id.
Third, the plaintiff argues that the counterclaim fails to state a cause of action for slander per se. Slander becomes actionable per se if the slanderous utterance "charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." Moriarty v. Lippe,162 Conn. 371, 384, 294 A.2d 326 (1972). Here, the defendants alleged that the plaintiff passed on information to business associates of the defendants which inter alia, included statements that "the company, in general, tolerated an atmosphere of unlawful, unethical, and/or otherwise inappropriate treatment of the plaintiff and other employees." Construed in favor of the pleader the aforementioned language satisfies the improper conduct or lack of integrity prong of the slander per se test. Moreover, the defendants alleged that the "plaintiff made these statements with the direct intention and result of impugning the reputation of the company and its principals and members of management." This language satisfies the calculated to cause injury requirement of the slander per se test. Accordingly, the defendants have pled a sustainable cause of action sounding in slander per se.
In summary, the plaintiffs motion to strike the counterclaim is denied because, a motion to strike is the improper mechanism by which to raise a statute of limitations defense, the counterclaim meets the transaction test of Practice Book § 10-10
and the defendant has properly alleged a sustainable slander per se cause of action.
So Ordered.
D'ANDREA, J. CT Page 16066