[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Stuart and Lori Ratner, have brought an action arising out of the alleged conversion of certain settlement proceeds against defendants, William M. Laviano, The Laviano Law Offices, P.C. and the Stamford Board of Education. Defendants William M. Laviano and The Laviano Law Offices, P.C. (collectively, the defendants) filed an answer, special defenses and counterclaims to the plaintiffs' action. The plaintiffs moved to strike all of the defendants' four special defenses as well as the defendants' first, fifth, sixth and seventh counterclaim. The plaintiffs move to strike the special defenses on the ground that they are legally insufficient as they are merely conclusory and do not allege any facts. The plaintiffs move to strike the counterclaims on the ground that they are legally insufficient because they raise issues which do not arise out of the transaction which is the subject of the plaintiffs' complaint.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike . . ." Practice Book §10-39. "In . . . ruling on the . ., motion to strike, the trial court [has an] obligation to take the facts . ., alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997).
As a preliminary matter, the court notes that pursuant to Practice Book § 10-42(b),[1] the defendants have not filed any opposing memorandum of law to the plaintiffs' motion to strike. "Although the CT Page 5175 failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion . . ., the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike. . . . The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book [§ 10-42]." (Citation omitted; internal quotation marks omitted.) Corbin v. Arcadia Financial Ltd., Superior Court, judicial district of Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.); see also Computer Clearing House, Inc. v. StamfordComputer Group, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164240 (October 5, 1998,D'Andrea, J.). In the present case, the plaintiffs have not objected to the defendants' noncompliance with § 10-42 (b) and therefore, the court will address the merits of the plaintiffs' motion.
First, the court will address the plaintiffs' motion to strike the defendants' special defenses. The defendants' special defenses allege that: (1) the defendants entered into an accord and satisfaction with the plaintiffs; (2) the plaintiffs fail to state a claim upon which relief may be granted; (3) equitable estoppel; and (4) the defendants are not engaged in trade and commerce within the definition of CUTPA [Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a et seq.]. The plaintiffs argue that all four special defenses do not allege any facts and therefore, the defendants special defenses are legally insufficient because they merely assert conclusions of law.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999). Furthermore, "[a] motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997); see also DeSimone v. Dino, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159293 (October 13, 1998,D'Andrea, J.). In the present case, the defendants' first, third and fourth special defense do not contain facts consistent with the complaint that tend to show that the plaintiffs have no cause of action. Furthermore, the first, third and fourth special defense contain conclusions unsupported by facts and are therefore, legally insufficient. See Shuster v. Shuster, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 062255 (May 23, 2000, Nadeau,CT Page 5176J.) (court granted motion to strike special defenses because legal conclusions unsupported by factual allegations); Corbin v. ArcadiaFinancial Ltd., supra, Superior Court, Docket No. 151811 (same). "A motion to strike is properly granted if the [special defenses allege] mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). Accordingly, the plaintiffs' motion to strike the defendants' first, third and fourth special defense is granted.
In examining the defendants' second special defense, however, the court notes that there is a split of authority in the Superior Court as to whether a special defense is valid when it alleges that the plaintiffs complaint fails to state a cause of action. The first line of cases hold that a motion to strike a special defense alleging that the plaintiffs complaint fails to state a cause of action should be denied as this special defense is legally sufficient. The prevailing case is ScanAssociates Inc. v. Civitello Building Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 350643 (January 24, 1994,Hodgson, J.) (10 Conn.L.Rptr. 646). In Scan, the court held that it was not the defendant's burden to correct deficiencies in the plaintiffs pleadings by a motion to strike, or otherwise, and therefore, the only way the defendant could put the plaintiff on notice that a claim was insufficient was by means of a special defense. Scan Associates Inc. v.Civitello Building Co., supra, Docket No. 350643. See also Kadlick v.Barrett, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 176156 (March 19, 2001, Karazin, J.) (court denied motion to strike special defense alleging no cause of action relying on reasoning in Scan Associates, Inc. v. Civitello Building Co.); Stack v.Harley Davidson of Danbury, Superior Court, judicial district of Danbury at Danbury, Docket No. 323389 (October 2, 1996, Moraghan, J.) (17 Conn.L.Rptr. 634) (same); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995, Levine, J.) (6 Conn.L.Rptr. 30) (same);Janowicz v. Clark Construction of Ridgefield, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995, Lewis, J.) (court denied motion to strike special defense holding that "alleging legal insufficiency is consistent with the facts alleged by the plaintiff, but it demonstrate[s], nonetheless that the plaintiff has no cause of action.").
The second line of cases hold that a motion to strike a special defense asserting this claim should be granted as the special defense does not allege any facts and is therefore, conclusory and improper. See Ayala v.L.B.I. Acquisition Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 417420 (October 1, 1999, Devlin, J.) (court granted motion to strike holding that defense alleging no cause of action CT Page 5177 does not comply with fact-based pleading requirements as fails to allege facts); Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 406487 (December 24, 1998, Zoarski, J.T.R.) (court granted motion to strike special defense alleging no cause of action because failed to allege facts); Strickland v. Bates, Superior Court, judicial district of Tolland at Rockville, Docket No. 064466 (May 11, 1998, Klaczak, J.) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted); Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick J.) (22 Conn.L.Rptr. 201) (court granted motion to strike holding that "a special defense is not the appropriate vehicle in which the defendant may raise an argument that the plaintiff has no cause of action."); Pozoukidis v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.) (21 Conn.L.Rptr. 382) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted). This court is persuaded by the reasoning in the second line of cases and therefore, finds that the defendants' second special defense is legally insufficient. Accordingly, the plaintiffs' motion to strike the second special defense is granted.
Finally, the court will address the plaintiffs' motion to strike the defendants' first, fifth, sixth and seventh counterclaim. In their counterclaims, the defendants' allege that Stuart Ratner was hired to provide legal and accounting services to both defendants. The defendants allege the following causes of action against Stuart Ratner: (1) legal malpractice; (5) professional malpractice in Ratner's capacity as a certified public accountant; (6) breach of fiduciary duty; and (7) forgery, theft, false and negligent misrepresentation, and failure to refund trust funds. The plaintiffs argue that the defendants' counterclaims are legally insufficient as they do not arise out of the transaction which is the subject matter of the plaintiffs' complaint, namely the alleged conversion of certain settlement funds.
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . ., provided that each such counterclaim . ., arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint." Practice Book § 10-10. Section 10-10 "is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 161, 459 A.2d 525 (1983). "The transaction test examines whether the actual and legal issues raised by the counterclaim arise from the subject of the complaint." Diette v. Dental Group of Norwalk, CT Page 5178 Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158747 (November 17, 1999, Karazin, J.). "The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter] claim." (Internal quotation marks omitted.) Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn.L.Rptr. 29, 30.) It considers whether "the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for full determination of the rights of the parties."Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417, 426,505 A.2d 750 (1986); see also Diette v. Dental Group of Norwalk, supra Superior Court, Docket No. 158747.
In the present case, the defendants have failed to plead any facts establishing that the matters alleged in the first, fifth, sixth or seventh counterclaim are in any way related to the allegations in the plaintiffs' complaint. The crux of the defendants' counterclaims revolve around Stuart Ratner's role as legal counsel to the defendants and not about the alleged conversion of settlement funds by the defendants. Consequently, the plaintiffs' motion to strike the first, fifth, sixth and seventh counterclaim is granted because the defendants failed to plead facts sufficient to establish counterclaims arising out of the transaction which is the subject of the plaintiffs' complaint.
In conclusion, the court finds that all the defendants' special defenses and the first, fifth, sixth and seventh counterclaim are legally insufficient. Accordingly, the plaintiffs' motion to strike the defendants' special defenses and first, fifth, sixth and seventh counterclaim is granted.
So Ordered.
D'ANDREA, J.