[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, New England Mortgage Group, Inc., has brought this action against defendants, Paul Lebowitz (Lebowitz), Donald DeRespinis (DeRespinis) and Custom Funding, LLC (Custom Funding). The plaintiff alleges the following pertinent facts: between 1994 and 1996, Lebowitz acted as the plaintiff's agent in order to locate potential borrowers for the plaintiff's mortgage brokerage company. The plaintiff alleges that Lebowitz breached his agency and employment duties in that Lebowitz: diverted customers from the plaintiff for his own benefit; used information he obtained in the course of his role as agent for his own benefit; failed to render an accounting; failed to inform the plaintiff of the information he obtained; misappropriated documents from the plaintiff; converted and misappropriated fees intended for the plaintiff; competed with the plaintiff while he was still its agent; and utilized the plaintiff's documents, offices and telephones to create a competing enterprise known as Custom Funding. It is alleged that Lebowitz committed these actions in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. and common law unfair competition.[1]
Lebowitz (the defendant) filed an answer, special defense and counterclaim. The plaintiff moved to strike both counts of the defendant's counterclaim which allege abuse of process and a CUTPA violation, on the ground that: (1) the defendant's allegations do not arise out of the transactions in the plaintiff's complaint; (2) the defendant's abuse of process claim is legally insufficient as it does not allege the necessary elements upon which relief may be granted; and (3) the defendant's CUTPA claim is legally insufficient as it does not allege that the plaintiff's conduct is a general business practice or that the plaintiff's conduct violates public policy.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any counterclaim . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see also Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court CT Page 9407 "[m]ust . . . take the facts to be those alleged in the [counterclaim] . . . and . . . construe the [counterclaim] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the [counterclaim] alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
First, the court addresses the plaintiff's contention that the defendant's counterclaim does not arise out of the plaintiff's cause of action in its complaint. "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Practice Book § 10-10. Section 10-10 "is a rule designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983). "The transaction test examines whether the actual and legal issues raised by the counterclaim arise from the subject of the complaint." Diette v. Dental Group ofNorwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158747 (November 17, 1999, Karazin, J.). "The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter] claim." (Internal quotation marks omitted.) Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.) (17 Conn.L.Rptr. 29, 30.) It considers whether "the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for full determination of the rights of the parties." Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417, 426,505 A.2d 750 (1986); see also Diette v. Dental Group of Norwalk, supra Superior Court, Docket No. 158747.
In the present case, the plaintiff's complaint alleges that the defendant competed with the plaintiff while he was still the plaintiff's agent. The crux of the defendant's counterclaim revolves around the plaintiff's alleged stifling of competition from the defendant. The court finds, therefore, that the defendant has plead sufficient facts to establish that the matters alleged in his counterclaim are related to the allegations in the plaintiff's complaint. Consequently, the court cannot strike the defendant's counterclaim on this ground.
Next is the plaintiff's motion to strike the first count of the CT Page 9408 defendant's counterclaim alleging abuse of process. The plaintiff argues that this claim is legally insufficient because it is conclusory and fails to allege any facts which claim an improper use of process. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Mozzochiv. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987) see also NorthwesternMutual Life Ins. Co. v. Estate of Greathouse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164835 (April 10, 2000, D'Andrea, J.). "Thus, in order for a party to allege properly the elements of this cause of action, the claim must assert facts indicating that process was misused or abused." Bank Leumi Trust Co. of New York v.Modell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146200 (February 28, 1996, Stevens, J.).
In the present case, the defendant alleges in his counterclaim that the plaintiff brought the present action "for the purpose of unfairly seeking to stifle competition in the marketplace for mortgage originations in the State of Connecticut." (Counterclaim, first count, ¶ 5.) Looking upon the allegations in a light most favorable to the defendant, the court finds that the defendant's allegations are factually sufficient and state a claim for abuse of process. See Rairan v. Marro, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175358 (February 28, 2001, D'Andrea, J.). The plaintiff motion to strike the first count of the defendant's counterclaim is denied.
Finally, the plaintiff asks the court to strike the defendant's second count of his counterclaim alleging a violation of CUTPA. The plaintiff argues that the defendant has not alleged that the plaintiff's conduct constitutes a general business practice or a violation of public policy.[2] The defendant's counterclaim alleges that the plaintiff is in the trade and business of preparing mortgage loans. Furthermore, the defendant alleges that the plaintiff's conduct is "unscrupulous, immoral, oppressive and unfairly tends to injure consumers by [diminishing] competition in the marketplace for mortgage loans and unfairly and unnecessarily subjecting its competitor to legal costs." (Counterclaim, second count, ¶ 8.) The defendant concludes that this alleged conduct has been the plaintiff's business practice since the commencement of this action and as a result of the plaintiff's alleged conduct, the defendant has sustained damages.
The court agrees with the plaintiff in that the defendant has not plead sufficient facts to demonstrate that the plaintiff's alleged conduct has constituted a general business practice beyond the scope of this lawsuit. The court notes, however, that "[t]here is a split of authority among the judges of the [S]uperior [C]ourt, as yet unresolved by an CT Page 9409 appellate court, as to whether a single act can constitute a CUTPA violation." Premier Development v. Thompson, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089331 (March 20, 2000,Arena, J.) (26 Conn.L.Rptr. 671, 673). The majority of Superior Court decisions, including decisions of this court, have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. See Krolikowski v. GE Life AnnuityAssurance Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket 174898 (June 12, 2000, D'Andrea, J.); PremierDevelopment v. Thompson, supra, Superior Court, Docket No. 089331;Giacomo v. United States Fidelity Guaranty Ins., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164760 (September 10, 1998, D'Andrea, J.); Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.); Lovick v. Nigro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 542473 (February 24, 1997, Lager, J.). But see Morgan v. Tolland CountyHealth Care, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy. J.) (16 Conn.L.Rptr. 294). The court finds that the defendant has alleged a single act of misconduct on the part of the plaintiff and thus defendant has alleged a legally sufficient CUTPA claim. Accordingly, the plaintiff's motion to strike the second count of the defendant's counterclaim is denied.
In conclusion, the court finds that the defendant's counterclaim alleges legally sufficient claims for abuse of process and CUTPA. The plaintiff's motion to strike the defendant's counterclaim is denied.
So Ordered.
D'ANDREA, J.T.R.