[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#108)
The plaintiff has filed a motion to strike the defendants' counterclaim and four special defenses alleging they are legally insufficient.
The defendants, Paul and Toni Fuge, are owners of real property located at 113 Canal Street, Shelton.[1] The plaintiff, city of Shelton, has CT Page 5313 enacted an Anti-Blight Ordinance (ordinance) pursuant to General Statutes § 7-148.[2] The purpose of the ordinance is to ensure that proper procedures exist for the rehabilitation, reconstruction, or reuse of vacant and blighted buildings in order to protect the health and safety of the people.[3]
In accordance with the ordinance, a building inspector inspected the defendants' property and discovered that the buildings contained a number of physical problems.[4] In his report, the inspector concluded that one of the buildings should be razed.[5] On January 28, 2000, in accordance with the ordinance, the plaintiff held a hearing to determine whether the conditions of the buildings on the defendants' property violated the ordinance. The defendants appeared through their attorney. Based on the building inspector's report, the hearing, and the evidence presented, the plaintiff determined that the condition of the defendants' property violated the ordinance, and imposed a fine of $99 per day for each day that the property remained in a blighted condition. The fines began to accrue on March 1, 2000.
On July 29, 2001, the plaintiff filed a two-count complaint against the defendants. Count one seeks injunctive relief, alleging that the defendants have failed to comply with the ordinance because they have not demolished, rehabilitated, or reconstructed the premises. Count two seeks the collection of an accruing fine in the amount of $42,075, pursuant to the ordinance. The plaintiff also seeks all other equitable relief the court deems appropriate.
On August 30, 2001, the defendants filed an answer, four special defenses, and a four-count counterclaim. On October 11, 2001, the plaintiff filed a motion to strike the special defenses and the counterclaim, accompanied by a memorandum in support. On November 20, 2001, the defendants filed a memorandum in opposition to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Shea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the pleading construed in favor of the [nonmoving party] to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the [pleading]." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). CT Page 5314
In their first special defense, the defendants allege that the plaintiff's action against the defendants' property constitutes a taking without due process of law, in violation of the Connecticut constitution and the Fourteenth Amendment of the United States constitution. The plaintiff moves to strike this special defense, arguing that it is not "taking" the property because the defendants had earlier requested that the plaintiff take the premises.[6]
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "[United States] Supreme Court cases addressing [takings] can be divided into two lines of authority: the so-called regulatory taking cases and the physical occupation cases. Regulatory taking cases are those where the value or usefulness of private property is diminished by regulatory action not involving a physical occupation of the property. . . . Physical occupation cases are those where the government physically intrudes upon private property either directly or by authorizing others to do so." (Citations omitted; internal quotation marks omitted.) Eamiello v. Liberty Mobile Home Sales,Inc., 208 Conn. 620, 640, 546 A.2d 805, cert. dismissed, 489 U.S. 1002, 109 S.Ct. 1104,103 L.Ed.2d 169 (1988).
Here, the defendants allege a taking, but fail to support this assertion with sufficient facts. The defendants have not even specified whether they are alleging a regulatory or physical taking. Accordingly, the plaintiff's motion to strike the defendants' first special defense is granted.[7]
In their second special defense, the defendants argue that the remedies the plaintiff seeks of enjoining the defendants from maintaining the premises in violation of the ordinance, rehabilitating the premises, and placing a lien on the premises are unlawful and ultra vires because they are not authorized by the ordinance. The plaintiff moves to strike this special defense, arguing that the ordinance specifically requires a landowner to repair, rehabilitate, or demolish the premises.
"The construction of a written document is a matter of law, where the meaning is to be ascertained from the document itself. . . ." Foley v.Huntington Co., 42 Conn. App. 712, 728, 682 A.2d 1026, cert. denied,239 Conn. 931 (1996). Here, the ordinance specifically provides that if the director, after holding a hearing with the property owner, "determines that the owner of such blighted premises is not willing or able to rehabilitate or demolish such blighted premises within a CT Page 5315 reasonable time, the Director shall . . . [t]ake the necessary steps to acquire and rehabilitate the blighted premises in accordance with Shelton's Plan of Development and Downtown Revitalization Program." On its face, the ordinance authorizes the plaintiff to compel the defendants to rehabilitate the blighted buildings. The plain language of the ordinance does not support the defendants' assertion that the plaintiff's action is unlawful and ultra vires.
The ordinance also authorizes the Director to place a lien: "If at a later date a Connecticut General Statute is amended or passed permitting the city to place a lien as security for said penalty, then the appropriate agent is hereby empowered to place said lien in the manner as specified in the statute." Id. This provision is supported by General Statutes § 7-148aa, which provides in pertinent part: "[a]ny unpaid fine imposed by a municipality pursuant to the provisions of an ordinance regulating blight, adopted pursuant to subparagraph (H) (xv) or subdivision (7) of subsection (c) of section 7-148 shall constitute a lien upon the real estate against which the fine was imposed from the date of such fine . . ."[8] Thus, pursuant to the ordinance, the plaintiff may place a lien on the defendants' property. Again, the plain language of the ordinance does not support the defendants' assertion that the plaintiff's action is unlawful and ultra vires.
Finally, the ordinance on its face authorizes the plaintiff to enjoin the defendants from maintaining buildings deemed to be blighted. It is not disputed that the defendants' buildings have been deemed blighted and that the defendants have continued to maintain the premises in a blighted condition. The defendants have not alleged any facts to show the plaintiff's action is unlawful and ultra vires. Therefore, the plaintiff's motion to strike this special defense is granted.
In their third special defense the defendants allege that the plaintiff's prayer for injunctive relief must be denied because the plaintiff has not alleged that it has no adequate remedy at law. The plaintiff argues that its complaint has alleged legally sufficient facts to support its remedy for injunctive relief. Specifically, the plaintiff argues that the defendants' failure to comply with the ordinance is a threat to public health and safety.
In its complaint, the plaintiff specifically alleges: "The City of Shelton recently constructed a World War II Memorial Park adjacent to said premises which Park attracts many members of the public. The failure of the defendant to comply with said ordinance above is a threat to the public health and safety." (Complaint, First Count, ¶ 8.) The complaint also states: "Based upon the hearing and a review of the inspection report of the City's Building Inspector and other evidence CT Page 5316 presented, Shelton found the defendants' property to be in violation of said Ordinance and imposed a fine of $99.00 per day for each day that the property remains in a blighted condition. The fines began to accrue on March 1, 2000. Despite said finding, the defendants have failed and/or neglected to comply with the Anti-Blight Ordinance in that they have not demolished, rehabilitated or reconstructed the premises." (Complaint, First Count, ¶¶ 6-7.) The plaintiff has alleged legally sufficient facts demonstrating that there does not exist an adequate remedy at law. The plaintiff's motion to strike the third special defense is granted.
In their fourth special defense, the defendants allege that the plaintiff's prayer for injunctive relief must be denied because the plaintiff is seeking monetary damages. The plaintiff moves to strike this special defense on the ground that it is seeking monetary damages in the form of fines, pursuant to the ordinance.
The plaintiff is merely seeking the collection of a fine as authorized by the ordinance. In an earlier case, this court determined that seeking injunctive relief and seeking payment of a fine are not contradictory. See Heritage Sound Condominium Assn. v. Nucifora, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 61169 (March 13, 2000, Curran, J.) (exercising equitable powers, court awarded money damages to condominium association, consisting in part of fines assessed against tenant, after tenant refused to pay such fines) Plaintiff's motion to strike the fourth special defense is granted.
The plaintiff moves to strike the counterclaim on the ground that it does not arise out of the same transaction as the subject matter of the complaint, as required by Practice Book § 10-10.[9] The same transaction rule is "designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy."Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983). In this case, the transaction at issue is the defendants' failure to comply with the ordinance and pay the fine pursuant to the ordinance.
In count one of the counterclaim, the defendants allege discrimination and denial of equal protection. Specifically, they allege that even though the plaintiff has adopted a plan of development for its downtown area and adjacent areas, it has steadfastly refused to grant their request to be included in the plan despite this repeated request.
Count two of the counterclaim alleges that the plaintiff breached its 1993 contract with the defendant to demolish a wall and erect a new wall to secure the defendants' building. CT Page 5317
Count three of the counterclaim alleges that the plaintiff dumped and spread sludge on a parcel of land adjacent to that of the defendants, and this sludge emitted an odor that depreciated the value of the defendants' property and resulted in one of the defendants' tenants leaving.
Count four of the counterclaim alleges that although the plaintiff discovered in 1987 that the cause of the contamination of the defendants' property originated with the defendants' predecessor in title, the plaintiff did not make any serious attempt to compel the predecessor in title to clean up the property. The defendants claim that as a result, they suffered further loss and damage.
The motion to strike defendants' counterclaim is granted because they do not arise out of the same transaction that is the subject matter of this motion.
The motion to strike the special defenses and the counterclaim is granted.
The Court
By Curran, J.