[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE DEFENDANT'S CROSS COMPLAINT
The plaintiff, Washington Mutual Bank, has filed an action for foreclosure of a mortgage against the defendants, Patricia Ford (Ford) and Colonial Manor Association (Colonial Manor). On May 19, 2000, Ford executed and delivered to the plaintiff a mortgage and promissory note in the amount of $64,600.00, pertaining to a condominium property in Milford, Connecticut. Ford failed to pay certain installments of principal and interest on the note when due and the plaintiff, the owner and holder of the note and mortgage, accelerated the balance due. Colonial Manor, the condominium association, is a defendant in this action by virtue of its lien on the same premises for common charges owed to them by Ford.
On April 29, 2002, Colonial Manor filed a cross-complaint[1] against the plaintiff, seeking to foreclose the property for non payment of the condominium association charges. On May 22, 2002, the plaintiff filed a motion to strike Colonial Manor's cross complaint because it does not arise out of the same transaction as the mortgage foreclosure action filed by the plaintiff. Colonial Manor counters that there is no requirement to meet the "transaction test" when statutes provide the basis on which the cross complaint rests. It provides no authority, however, to prove this assertion.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). CT Page 11872
Practice Book § 10-10 provides that counterclaims must arise out of the transaction which is the subject of the plaintiff's complaint. See also Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 160,459 A.2d 525 (1983). The transaction test as set forth in Practice Book § [10-10] is a test designed to permit the joinder of closely related claims where such joinder is in the best interest of judicial economy and avoidance of piece-meal disposition of what is essentially one action.Wallingford v. Glen Valley Associates, Inc., supra, 190 Conn. 161. Moreover, an examination of other foreclosure proceedings indicate that counterclaims are proper only when they, like their common law counterparts, attack the note itself. See Chase Manhattan Bank v.Saraceni, Superior Court, judicial district of Danbury, Docket No. 335972 (March 8, 2000, Moraghan, J.) (26 Conn.L.Rptr. 577); GMAC MortgageCorp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.); Home Savingsof America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (January 5, 1998,Hickey, J.)
The counterclaim asserted by Colonial Manor is one in foreclosure of a lien for condominium association common charges. Colonial Manor does not plead facts which relate to the mortgage or note executed by Ford and delivered to the plaintiff.
The plaintiff's motion to strike Colonial Manor's cross complaint is granted.
THE COURT
 _________________ Curran, J.T.R.